UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA  :  | |
| : | |
| v.        : | Case No. 1:22-cr-00166-BAH |
| : | |
| JOHN GEORGE TODD III,   : | |
| : | |
| : | |
| Defendant.   : | |

## DEFENDANT JOHN TODD'S OPPOSITION TO THE GOVERNMENT'S MOTION IN LIMINE REGARDING AUTHENTICATION OF PUBLICLY AVAILABLE VIDEO EVIDENCE

NOW comes Defendant, John George Todd III ("Mr. Todd"), by and through his counsel of record, John M. Pierce, Esq., respectfully submits this Opposition to the Government's Motion *In Limine* Regarding Authentication of Publicly Available Video Evidence.

### I.  INTRODUCTION

The Government argues that the Court should rule that video footage from sources other than from U.S. Capitol Police ("USCP") is properly authenticated. The Government states that, if Mr. Todd does not stipulate to the authenticity of USCP camera footage, that the Government will call an appropriate witness at trial. Mr. Todd does not stipulate to the authenticity of USCP camera footage and further argues that all video footage, from any source, must be authenticated by an appropriate witness at trial.

### II.  ARGUMENT

**A.  Video Footage Is Regularly Altered And, Thus, Must Be Properly Authenticated By Appropriate Witnesses**

"[T]he government intends to offer in evidence video clips from the USCP cameras and [Metropolitan Police Department body-worn cameras ("MPD BWC")], as well as other sources,

1

including footage captured by other individuals present in the vicinity of and inside the Capitol building on January 6, 2021." ECF No. 29, at 4-5. The Government states that "[m]any of the videos were obtained through open-source means and are publicly available." *Id.* at 5. The Government plans to establish authenticity of footage taken by these "other sources" by having the jury compare the footage with authenticated exhibits, "in particular, to USCP camera footage and in some instances MPD BWC." *Id.* The Government claims that the authenticated video footage "will confirm that such videos are what they purport to be: recordings of the same events, captured from a slightly different perspective, and in some cases **depicting events and sounds that were not captured by the USCP camera or MPD BWC**." *Id.* (emphasis added).

As the Government states, in order to establish authenticity of its proposed video footage evidence, it must "demonstrate that, as a matter of reasonable probability, possibilities of misidentification and adulteration have been eliminated." *United States v. Celis*, 608 F.3d 818, 842 (D.C. Cir. 2010). However, the Government fails to explain how it will adequately make such a demonstration. This failure is especially concerning given that "deepfakes" are prevalent weapons in swaying political opinion, and they are becoming incredibly difficult to distinguish from authentic footage.[1]

A deepfake is "an image or recording that has been convincingly altered and manipulated to misrepresent someone as doing or saying something that was not actually done or said."[2] Deepfakes have been used to create photorealistic photographs of people who do not exist,[3] and

---

[1] *See, e.g.*, TOM DOBBER ET AL., DO (MICROTARGETED) DEEPFAKES HAVE REAL EFFECTS ON POLITICAL ATTITUDES?, SAGE J. (July 25, 2020), https://journals.sagepub.com/doi/full/10.1177/1940161220944364; Jackson Cote, *Deepfakes And Fake News Pose a Growing Threat to Democracy, Experts Warn*, NEWS@NORTHEASTERN (April 1, 2022), https://news.northeastern.edu/2022/04/01/deepfakes-fake-news-threat-democracy/; Kyle Hiebert, *Democracies Are Dangerously Unprepared for Deepfakes*, CIGI (April 27, 2022), https://www.cigionline.org/articles/democracies-are-dangerously-unprepared-for-deepfakes/.
[2] *Deepfake*, Merriam-Webster, https://www.merriam-webster.com/dictionary/deepfake (last accessed Nov. 7, 2022).
[3] James Vincent, *ThisPersonDoesNotExist.com Uses AI to Generate Endless Fake Faces*, THE VERGE (Feb. 15, 2019), https://www.theverge.com/tldr/2019/2/15/18226005/ai-generated-fake-people-portraits-thispersondoesnotexist-stylegan.

photorealistic videos of former-President Obama,[4] Mark Zuckerberg,[5] House Speaker Nancy Pelosi,[6] and Ukrainian President Volodymyr Zelenskyy,[7] to name only a few.  It should be of no surprise that individuals could convincingly manipulate footage of January 6, 2021, in the nearly two years following the events that occurred that day.

While establishing an item's authenticity under Fed. R. Evid. 901 is not "a particularly high hurdle," *United States v. Ortiz*, 966 F.2d 707, 716 (1st Cir. 1992), the pervasiveness of digital misinformation require authentication to be scrupulously applied.  The Government should be required to demonstrate that their proposed evidence is not fabricated or edited.  For instance, the Government should provide appropriate witnesses to testify (1) whether anyone other than the asserted author of the videos would have the desire, means, and opportunity to create false evidence; (2) whether open-source and publicly available sources allow publishers to edit or modify videos before uploading them; (3) whether identifiable instances exist in which someone other than the video's asserted author uploaded the video to such publicly available sources; (4) whether, and how often, such publicly available sources actively review content uploaded in attempt to identify and remove false footage; (5) and whether any forensic evidence exists to indicate that such evidence has been tampered with.

By attempting to have the Court authenticate footage that "depicts events and sounds that were not captured by the USCP camera or MPD BWC," the Government attempts to bypass the safeguard that witnesses provide in testifying that such events and sounds actually existed at the

---

[4] SUPASORN SUWAJANAKORN ET AL., SYNTHESIZING OBAMA: LEARNING LIP SYNC FROM AUDIO, ACM TRANS. GRAPH. (Aug. 2017), https://dl.acm.org/doi/10.1145/3072959.3073640.
[5] Allyson Chiu, *Facebook Wouldn't Delete An Altered Video of Nancy Pelosi.  What About One of Mark Zuckerberg?*, Wash. Post (June 12, 2019), https://www.washingtonpost.com/nation/2019/06/12/mark-zuckerberg-deepfake-facebook-instagram-nancy-pelosi/; *see also* Hannah Denham, *Another Fake Video of Pelosi Goes Viral on Facebook*, Wash. Post (Aug. 3, 2020), https://www.washingtonpost.com/technology/2020/08/03/nancy-pelosi-fake-video-facebook/.
[6] Chiu, *supra* note 5; Denham, *supra* note 5.
[7] Hiebert, *supra* note 1.

time and place the videos depict. Even if such footage has not been altered to a level that it can be considered a "deepfake," such footage must still be authenticated by a witness to ensure that improperly edited versions of the footage are not produced as evidence. Without this safeguard, such evidence is highly prejudicial to defendants because the possibility exists that such events and sounds never occurred and were rather created by a program, or by editing, and released to publicly available sources to sway public opinion.

### III. CONCLUSION

For the reasons stated above, Mr. Todd opposes the Government's Motion *In Limine* Regarding Authentication of Publicly Available Video Evidence.

Dated: November 07, 2022

                                                Respectfully submitted,

                                                /s/ John M. Pierce
                                                John M. Pierce
                                                John Pierce Law P.C.
                                                21550 Oxnard Street
                                                3rd Floor PMB #172
                                                Woodland Hills, CA 91367
                                                P: (213) 349-0054
                                                jpierce@johnpiercelaw.com

## CERTIFICATE OF SERVICE

I, John M. Pierce, hereby certify that on this day, November 07, 2022, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

/s/ John M. Pierce
John M. Pierce
