**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 1:22-cr-166 (MAU)** |
| | : | |
| **JOHN TODD III,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## SUPPLEMENT TO MOTION TO REVOKE PRETRIAL RELEASE

The United States of America hereby respectfully supplements the oral motion for revocation of pretrial release made on May 2, 2023, to provide additional evidence relating to the violation allegations. At the hearing on May 2, 2023, the government moved for revocation citing three instances of the defendant's pretrial release violations: (1) his possession of a firearm in September 2022; (2) his possession of weapons (specifically, knives and razor blades) on April 12, 2023; and (3) his excessive use of alcohol on April 12, 2023.

With respect to the first ground for revocation, investigators with the FBI interviewed the defendant's wife on or about May 7, 2023. In the police report, she is described as having taken possession of the gun that the defendant had with him in September 2022.[1] ECF 48, at 9. With her FBI interview, the defendant's wife confirmed that she did in fact take possession of the gun, and gave it to a friend who does not know the defendant so that it could be kept in safekeeping.

With respect to the second ground for revocation, investigators with the FBI reviewed police body-worn camera (BWC) footage of the April 12, 2023, incident outside of the

---

[1] The police report refers to the date at times as September 26, 2022, and other times as September 24, 2022. Based on the description of events, it is believed the report was written on September 26, but the incident likely occurred on September 24. For clarity, throughout this motion the event will be described simply as "September 2022."

complainant's apartment, spoke with the responding police officer, and interviewed the complainant.[2] According to the BWC of the responding officer, police officers attempted to restrain the defendant with handcuffs, and he resisted their efforts. The officer reported to the FBI that the defendant told them he had two knives on his person, but he refused to turn them over to the police. The police then handcuffed the defendant and retrieved the knives. The officer described them as two pocket knives and two blades for a utility knife in a plastic container. The officer put the knives and blades in the defendant's pickup truck, which she knew to be broken down, and paramedics transported the defendant to the hospital (out of the vicinity of the knives and blades). The complainant reported that he was unaware that the defendant had any weapons, and at one point, the defendant lifted his shirt to show the complainant that he did not have a gun.

Another officer's BWC footage shows one of the knives the defendant had in his possession during the incident. Screenshots of that footage are provided below, first as the knife was removed from the defendant's pocket, and next as it lay on the ground near the officer.

---

[2] The FBI obtained BWC footage from three officers and reviewed all three videos. The FBI provided the footage from one officer to the government, and that was produced to the defense on May 7, 2023. The footage from the other two officers has been provided to the government, but it is stored in a format the undersigned has not yet been able to open in any readable form. The FBI's review indicates that the other two officers' footage is consistent with the other footage. Video from the first officer's BWC can be provided to the Court upon request. Video from the other two officers will be provided to the defense if it is received by the government.





Based on these screen shots, it appears that one of the knifes the defendant had in his possession that night is a folding or retractable pocket knife that appears to be several inches long.

Finally, with respect to the third ground, the FBI inquired of the responding police officer and the defendant's wife about his intoxication on the night of April 12, 2023. The responding officer indicated that she knew the defendant from previous encounters, so when she responded on April 12, 2023, she addressed the defendant using his first name. She noted that his eyes were watery, he had trouble keeping his balance, and he was slurring his words. These observations are consistent with the BWC recorded by this officer. The defendant's wife reported that she knew the defendant had been drinking vodka that night but was not sure of the amount.

This additional evidence further supports the allegations that the defendant has violated the conditions of release (1) that he not possess a firearm, which he did in September 2022; (2) that he not possess a weapon, which he did on April 12, 2023; and (3) that he not use alcohol excessively, which he did on April 12, 2023.

For these and the reasons set forth in the government's Response to the Court's April 25, 2023 Minute Order, ECF 49, the United States respectfully requests that the defendant's pretrial release be revoked.

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By:     /s/ *Emily W. Allen for Barry K. Disney*
EMILY W. ALLEN, Cal. Bar No. 234961
BARRY K. DISNEY
Trial Attorney – Detailee, Capitol Siege Section
Kansas Bar No. 13284
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
Office: 202-305-4367
Email: Barry.Disney@usdoj.gov