**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 1:22-CR-00166-MAU** |
| | : | |
| **JOHN GEORGE TODD III,** | : | |
| | : | |
| **Defendant.** | : | |

## RESPONSE TO DEFENDANT'S DEMAND FOR JURY TRIAL

The United States of America, by and through the United States Attorney for the District of Columbia, hereby responds to the defendant's request for a trial by jury. (ECF No. 86).   The government does not oppose the defendant's right to have a trial by jury, however, the government objects to any continuance of this matter beyond December 15, 2023.

## PROCEDURAL HISTORY

The defendant was charged by complaint on May 3, 2022, (ECF. No. 1) and made his initial appearance in the district on May 17, 2022.   (Min. Entry 5/17/2022).   On August 12, 2022, the Court scheduled this matter for a jury trial to commence on November 4, 2022.   (Min. Entry 8/12/2022).   Shortly thereafter, the previous defense counsel withdrew from the case, (ECF No. 22), and the current defense counsel entered his appearance.

On November 4, 2022, the parties appeared for a status conference.   *Gov't Ex. 1*.   Due to the change in defense counsel, the parties requested and were granted a new trial date of October 16, 2023.   *Id.* at 13.   A continuance of approximately 11 months was requested by the defense and consented to by the government.   *Id*. at 7, 10-12.   The defendant also notified the Court that he would be electing to proceed to trial with a magistrate judge.   *Id*. 12-13.   Shortly after the hearing, the defendant filed a motion for trial by magistrate judge (ECF No. 38), which states in

part, "Defendant John George Todd III waives his right to a trial, judgment, and sentencing by a district court judge and hereby elects to proceed to a trial *by a magistrate judge* for the District of Columbia" (emphasis added).   Aside from stating that he would like a trial "by magistrate judge," the motion makes no explicit reference to whether the defendant is waiving a jury trial.

On December 9, 2022, the parties appeared before this Court for a status conference and to schedule pretrial dates.   *Gov't Ex. 2*.   At the hearing, the Court expressly asked defense counsel if the trial would be a bench trial or jury trial.   *Id.* at 3.   Defense counsel responded that it would be a bench trial.   *Id.*   The dates were calendared accordingly and this Court set a bench trial for October 16, 2023.   (Min. Entry 5/26/2023).   However, contrary to his representations, the defendant failed to file a waiver of jury trial.

In August 2023, defense counsel filed a request for continuance of the October 23, 2023, trial date due to defense counsel's trial schedule.   (ECF No. 77).   The government did not object. Mutually available trial dates were submitted to the Court and the Court scheduled the parties for December 15, 2023, for a bench trial.   (Min. Entry 8/14/2023).   On September 13, 2023, the defendant filed a notice indicating that, though he previously indicated his wish for a bench trial, he was now electing to have a trial by jury.   (ECF No. 86).

## ANALYSIS

### I.    The Defendant Did Not Properly Waive a Jury.

The waiver of trial by a district court judge and the waiver of a trial by jury are two separate waivers that the defendant must execute.   Under 18 U.S.C. § 3401 (b), a defendant charged with a misdemeanor may elect to be tried in front of a magistrate judge upon sufficient waiver.   Local Rule 58(a) further states that the magistrate may conduct the trial "with our without a jury."   The

2

defendant clearly elected to be tried before a magistrate judge and waived his right to a trial in front of the district court.   (ECF No. 38).   However, his waiver did not expressly mention his intent to waive a jury trial.

Pursuant to Federal Criminal Rule of Procedure 23(a), the waiver of a trial by jury requires three things: (1) a written waiver by the defendant, (2) the government's consent, and (3) the court's approval.   The defendant clearly represented to the Court that he intended to waive a trial by jury.   Gov't Ex. 2 at 3.   The Court relied upon this representation in calendaring all subsequent dates after the representation was made.   However, the defendant never actually filed a written waiver of jury trial.   Accordingly, it does not appear there has been a valid waiver under the Rules and the defendant is entitled to exercise his right to a jury trial.

## II.   The Government Objects to Further Continuances.

The government does not object to the defendant's desire for a trial by jury.   However, the request should not be used to further delay a trial that has already been continued for over one year.   The case is currently set for trial December 15, 2023 – the Friday before a major holiday week.   While that schedule is not an issue for the government and its witnesses, it likely would affect the ability to get a jury panel.   For that reason, the government would request that the Court advance the jury trial date to accommodate a jury trial prior to the week of December 18.   In any event, the government strongly objects to a continuance beyond the end of 2023.

As evidenced by the attached transcripts, this trial has been continued based for the most part on defense counsel's schedule.   The government has always been, and remains, available to try this case at any time.   In the interests of avoiding further delay and preventing further scheduling issues, the government respectfully requests the Court either keep December 15 as a

3

jury trial date, or alternatively, move the date earlier in the year – to November or early December 2023.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:     /s/ *Allison K. Ethen*
        Allison K. Ethen
        MN Bar No. 0395353
        Barry Disney
        KS Bar No. 13284
        Assistant United States Attorneys
        601 D Street, N.W.
        Washington, D.C. 20530
        612-664-5575
        Allison.Ethen@usdoj.gov