# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | :    CASE NO. 22-CR-00166-MAU |
| v. | : |
| | : |
| JOHN GEORGE TODD III, | : |
| | : |
| Defendant. | : |

## GOVERNMENT'S MOTION *IN LIMINE* TO ADMIT DEFNEDANT'S POST-ARREST BUT PRE-*MIRANDA* SPONTANEOUS STATEMENT

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this motion to admit into evidence a statement made by the defendant, John George Todd III, post-arrest but prior to being advised of his *Miranda* warnings. As set forth herein, the defendant's statement is admissible because it was made spontaneously and voluntarily and not in response to any interrogation by the arresting agents. For this reason, the statement should be admitted.

## Relevant Background

The defendant is charged by Information with Entering an Remaining in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(1); Disorderly and Disruptive Conduct in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(2); Violent Entry and Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). An essential element of each count is that the defendant entered onto the U.S. Capitol building or grounds.

On May 10, 2022, a joint task force made up of FBI agents and Task Force Officers (TFO) went to Todd's residence to arrest him but discovered he was not home. A TFO then called the defendant's phone and left a message requesting a call back. Ultimately, the TFO was able to reach

Todd over the phone. Todd informed the TFO he was working at a construction site and did not have access to a vehicle in order to meet them. An agreement was reached to meet the defendant near the worksite. At approximately 10:50 a.m. the TFO and an FBI agent met the defendant as agreed. Once contact was made the defendant was advised that he was being placed under arrest. The defendant was searched, handcuffed and placed into the rear seat of an FBI vehicle. The TFO and an FBI Agent then transported the defendant to a nearby parking lot where other members of the joint task force had assembled. Upon arriving at the parking lot, and without any provocation from the TFO or FBI agent, Todd spontaneously stated "*All this for walking around the Capitol after being let in*?" Subsequently, while at the parking lot, the defendant was advised of his *Miranda* rights. The defendant invoked his right to remain silent and no questioning took place. The defendant's statement was memorialized in an FBI 302 report dated May 16, 2022.

## Argument

### I. The defendant's spontaneous utterance is a voluntary statement

Any self-incriminating statement of a defendant is admissible in evidence if it is voluntarily made. 18 U.S.C. § 3501(a) and (e), *Dickerson v. United States*, 530 U.S. 428, 434, 120 S. Ct. 2326, 147 L. Ed. 2d 405 (2000). To be voluntary, a statement cannot have been the product of governmental coercion, with coerciveness assessed in light of all the circumstances. *Dickerson*, 530 U.S. at 434 (citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 226, 93 S. Ct. 2041, 36 L. Ed. 2d 854 (1973)). The burden is on the government to establish voluntariness by a preponderance of the evidence. *Lego v. Twomey*, 404 U.S. 477, 489, 92 S. Ct. 619, 30 L. Ed. 2d 618 (1972). Statements that are voluntary and admissible under requirements of *Miranda* are similarly voluntary and admissible under requirements of 18 USCS § 3501. *United States v. Vigo*, 487 F.2d

295 (2d Cir. 1973). Before such a statement is received into evidence, however, "the trial judge shall, out of the presence of the jury, determine any issue as to voluntariness." 18 U.S.C. § 3501(a).

*Miranda* warnings are required when whenever a person in custody is subjected to either express questioning or its functional equivalent. *Rhode Island v. Innis*, 446 U.S. 291, 300-02, 100 S. Ct. 1682, 1689-90 (1980). Spontaneous statements of a defendant that were not the product of questions are admissible without *Miranda* warnings. The D.C. Circuit has addresses similar scenarios and determined that a defendant's pre-*Miranda* statement during transport is admissible when it is made voluntarily and spontaneously. *See United States v. Samuels*, 290 U.S. App. D.C. 391, 938 F.2d 210, 214 (1991) (defendant's post-arrest but pre-*Miranda* request for a picture from a bag of narcotics while is a patrol vehicle was an admissible spontaneous statement). *See also, United States v. Gonzalez*, 277 U.S. App. D.C. 318, 875 F.2d 875, 881 (1989) (citing *Innis*)(initial remarks at the moment of arrest were spontaneous and not the product of questions that would require *Miranda* warnings).

The defendant voluntarily agreed to meet the agents at a predetermined location where he was arrested and placed into custody. He was not subject to questioning or "its functional equivalent" prior to making his spontaneous statement. To the contrary, the officer and agent were merely transporting the defendant from the arrest site when he spoke. As such, no *Miranda* warning s were required. Additionally, the defendant's statement was voluntarily made. The agents did not engage in any coercive conduct or otherwise attempt to engage the defendant in conversation. Indeed, at the time that the defendant made the spontaneous statement, there was no conversation taking place. Rather, the defendant's statement was spontaneously made by him and was the product of his own free will. As such, the statement should be allowed into evidence at the trial of this matter.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

By: /s/ *Barry K. Disney*
Barry K. Disney
KS Bar No. 13284
Assistant United States Attorney – Detailee
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
Email: Barry.Disney@usdoj.gov
Cell: (202) 924-4861

## CERTIFICATE OF SERVICE

On this 13th day of October, 2023, a copy of the foregoing was served upon all parties listed on the Electronic Case Filing (ECF) System.

/s/ Barry K. Disney
Assistant United States Attorney – Detailee
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
Email: Barry.Disney@usdoj.gov
Cell: (202) 924-4861