UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 22-CR-00166-MAU |
| v. | : | |
| | : | |
| JOHN GEORGE TODD III, | : | |
| | : | |
| Defendant. | : | |

DEFENDANT JOHN GEORGE TODD III'S RESPONSE TO THE GOVERNMENT'S "MOTION IN LIMINE TO ADMIT DEFENDANT'S POST-ARREST BUT PRE-MIRANDA SPONTANEOUS STATEMENT"

NOW COMES the Defendant John George Todd III ("Todd"), with this response and opposition to the Government's recent (ECF # 96) "Motion in limine to admit [Todd's] post-arrest but pre-Miranda spontaneous statement."  The government seeks to admit Todd's (alleged) statement, "All this for walking around the Capitol after being let in."  The Government admits that this statement was made by Todd after Todd was (1) arrested, (2) in handcuffs, (3) not free to leave, (4) in custody, and (5) surrounded by multiple hostile officers in a setting characterizable as being an overwhelming display of force.

Under these circumstances, Todd was, in every essence, <u>baited</u> into making remarks.  And the arresting officers used their "failure" to give Miranda warnings aggressively, as a strategic ploy.

1

1. It was an overwhelming, police-filled, threatening environment for Mr. Todd.

2. A dozen officers were present, wearing tactical, military-level gear, to make a misdemeanor arrest.

3. Police cannot deliberately wait or delay giving Miranda warnings, hoping to bait a suspect into making incriminating remarks, and then hope to get the remarks into evidence based on a contrived notion that they weren't "interrogating" the suspect.

4. In this case, Todd was subjected to an overwhelming show of dominating force.  This was similar to United States v. Perdue, where the Tenth Circuit emphasized how police-dominated circumstances surrounding a suspect's detention can overcome a suspect's will. 8 F.3d 1455, 1464 (10th Cir. 1993). There, two agents stopped the defendant's car as he drove to his property while over a dozen other officers searched a building on it. Id. at 1458. The agents questioned him at gunpoint and ordered him to lie face-down on the road. Id. at 1459. Police helicopters flew over the property. Id. at 1458. The Tenth Circuit held that the police should have Mirandized the defendant.

5. . Id.; see Berkemer v. McCarty, 468 U.S. 420, 436-40 (1984). Unlike Ritchie, where the FBI questioned the suspect inside his home and never drew their guns, in Perdue the police used significantly more force and questioned the face-down suspect on the road. A reasonable person would

not feel free to leave given the level of force used by police. *Perdue*, 8 F.3d at 1464.

6. It is settled that "The right to Miranda warnings attaches when custodial interrogation begins." United States v. Acosta, 363 F.3d 1141, 1148 (11th Cir. 2004) (citing *Miranda v. Arizona*, 384 U.S. 436, 479 (1966); *Dickerson v. United States*, 530 U.S. 428, 435 (2000))."

7. The notion that Todd's remarks were "spontaneous" is belied by the circumstances.

The burden is on the government to establish voluntariness by a preponderance of the evidence. *Lego v. Twomey*, 404 U.S. 477, 489 (1972). Miranda warnings are required when whenever a person in custody is subjected to either express questioning or its functional equivalent. Rhode Island v. Innis, 446 U.S. 291, 300-02 (1980).

In Todd's case, Todd was suddenly confronted with a situation where he was surrounded by law enforcement officers, detained at his jobsite, taken into custody, arrested amid a large number of federal law enforcement officers, and told the arrest was over claims relating to January 6.

3

The arresting officers practically invited Todd to make statements about January 6.

Todd therefore moves to suppress any and all remarks extracted from the government under these circumstances.

| Dated: November 5, 2023 | Respectfully Submitted, |
|---|---|
| | */s/ John M. Pierce* |
| | John M. Pierce |
| | 21550 Oxnard Street |
| | 3rd Floor, PMB #172 |
| | Woodland Hills, CA 91367 |
| | Tel: (213) 400-0725 |
| | Email: jpierce@johnpiercelaw.com |

5

**CERTIFICATE OF SERVICE**

    I, John M. Pierce, hereby certify that on this day, November 5, 2023, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

<u>/s/ John M. Pierce</u>
John M. Pierce