**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CASE NO. 22-CR-00166-MAU** |
| **v.** | : | |
| | : | |
| **JOHN GEORGE TODD III,** | : | |
| | : | |
| **Defendant.** | : | |

**UNITED STATES' MOTION IN LIMINE TO**
**PRECLUDE THE USE OF IMPROPER FIRST AMENDMENT DEFENSES**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, moves this court to preclude the defendant, John George Todd III ("Defendant") from eliciting evidence or arguing to the jury that the First Amendment permitted the Defendant to enter or remain in the restricted area at the U.S. Capitol on January 6

**BACKGROUND**

The facts of this matter are summarized in the Statement of Facts (ECF No. 1), which the government incorporates by reference. The Defendant entered the U.S. Capitol building on January 6, 2021 via the Upper West Terrace at 2:44 P.M. A minute later, the Defendant entered the Capitol Rotunda via its west door before exiting via the north door. The Defendant reentered the Rotunda through the north door at 2:52 P.M. While in the Rotunda, the Defendant interacted with individuals, yelled at police, and smoked some type of cigarette. The Defendant exited and entered the Rotunda once more before finally exiting the Rotunda and Capitol through the east doors at 3:18 P.M.

The Defendant then proceeded to the Northwest Terrace of the Capitol. Over the next hour, the Defendant interacted with the crowd, loudly stated "we were inside yelling we need more people until they pushed us out", and shoved against police shields as law enforcement attempted

1

to clear the Northwest Stairs at 4:42P.M. By 4:50P.M, the Defendant had moved towards the West Tunnel, where police had engaged in an hours-long physical conflict with the crowd. Todd leaned off railings and observed the physical violence in the tunnel. The Defendant eventually exited the Capitol by walking west towards the National Mall, where he did an interview with a journalist.

## ARGUMENT

### I. The Defendant's conduct is not protected by the First Amendment.

The First Amendment guarantees the rights to free speech and free assembly, but the right to illegally participate in a violent riot in our nation's Capitol is not one of them. The crimes with which the defendant is charged focus on the defendant's conduct, not his speech. The criminal conduct at issue includes entering and remaining in a restricted area (Count One); disorderly and disruptive conduct in restricted areas and the Capitol building and grounds (Counts Two and Three); and conduct parading, demonstrating, and picketing inside the United States Capitol Building (Count Four).

Other district courts have previously held that the First Amendment does not protect this conduct. In *United States v. Nordean*, No. 21-CR-175 (TJK), the government filed a *motion in limine* to preclude the defendant from suggesting that his speech or conduct was protected by the First Amendment. ECF No. 494, pg. 26. In discussing the motion in a pre-trial conference, the Court stated:

> Again, obviously, I think both parties sort of acknowledged that there isn't, for example, a First Amendment defense to running up into the Capitol past all the -- past all the barriers, and I don't think the defendants are purporting to offer that as a defense to that conduct.

Transcript of pre-trial conference, *United States v. Nordean*, No. 21-CR-175 (TJK), Nov. 18, 2022, pg. 48. The court ultimately ruled that:

> No matter Defendants political motivations or any political message they wished to

express, this alleged conduct is simply not protected by the First Amendment. Defendants are not, as they argue, charged with anything like burning flags, wearing black armbands, or participating in mere sit-ins or protests.

*United States v. Nordean*, No. 21-175 (TJK) (D.D.C., Dec. 28, 2021), ECF No. 263, pg. 29.

Through pre-trial filings and the Defendant's disclosed exhibit list, the Defendant has indicated his intent to argue that his conduct at the Capitol was protected by the First Amendment to the United States Constitution. *See, e.g.*, Def. Ex. 12 (D.C. Municipal Regulation 24-705 on First Amendment Assemblies), Def. Ex. 16 (136-page document of MPD Procedures for Handling First Amendment Assemblies), Def. Ex. 24 (6 permits for demonstrations in D.C. on January 6, 2021). The Defendant is being prosecuted for the obstructive conduct he engaged in at the Capitol, not for any constitutionally protected speech.

Any assertions regarding First Amendment protection for the Defendant's conduct at the U.S. Capitol on January 6 conflicts with the evidence that the government has provided to the Defendant in discovery. This includes CCTV footage, body worn camera footage, and videos recorded by other individuals unlawfully inside the Capitol. This footage shows the Defendant entering the Capitol building, entering the Rotunda, repeatedly shouting at and threatening officers, and physically resisting efforts by law enforcement officers to clear the Capitol Building as well as the West Front of the Capitol. None of this conduct is sanctioned by the First Amendment. Therefore, to avoid confusing the issues or misleading the jury, the Court should preclude the Defendant from arguing that his conduct on January 6 was protected by the First Amendment.

## II. The Area Around the Capitol was Closed and the Defendant Did Not Have a First Amendment Right to Breach a Restricted Perimeter.

The Court should preclude the Defendant from making arguments or admitting evidence that suggests the Defendant had a First Amendment right to protest inside the restricted area around the Capitol on January 6. The Government's evidence will show that the Capitol Grounds were

3

restricted that day and there is no First Amendment right to protest in a restricted area, when the government properly closes a public forum. *See Mahoney v. U.S. Marshals Service*, 454 F. Supp. 2d 21, 32-33 (D.D.C. 2006) (U.S. Marshals Service did not violate First Amendment by restricting access to sidewalk in front of St. Matthew's Cathedral for Red Mass, even though sidewalk was a traditional public forum).

On January 6, 2021, the United States Capitol Police and the United States Secret Service established a restricted perimeter around the Capitol building and portions of the Capitol grounds. That restricted perimeter was for a legitimate government purpose. *See* 18 U.S.C. § 1752(c). No member of the public possesses a First Amendment right to engage in protest or speech within a restricted area. Therefore, the Court should preclude the Defendant from arguing that he was engaged in protected speech while on the restricted Capitol grounds.

Furthermore, the Defendant's actions as a knowing participant within a larger, violent mob, inside of the U.S. Capitol is also not protected speech. *See Grayned v. City of Rockford*, 408 U.S. 104, 116 ("Of course, where demonstrations turn violent, they lose their protected quality as expression under the First Amendment."). "Activities that injure, threaten, or obstruct are not protected by the First Amendment, whether or not such conduct communicates a message." *United* The criminal actions at issue in this case are outside the protections of the First Amendment because, "when speech and nonspeech elements are combined in the same course of conduct, a sufficiently important governmental interest in regulating the nonspeech element can justify incidental limitations on First Amendment freedoms." *United States v. O'Brien*, 391 U.S. 367, 376 (1968).

The Defendant's conduct on January 6 was plainly not protected by the First Amendment. *Id.* On January 6, 2021, the Defendant entered the Capitol, completely obstructing the flow of

people, including the Vice President of the United States and other lawmakers inside. Whether the Defendant's conduct early or later in the day on January 6 was protected by the First Amendment has no bearing on the criminal conduct at issue in this case because the moment he knowingly trespassed onto Capitol grounds, his conduct at issue controls. Permitting the defendant to raise this defense risks confusing the issues and the jury. Fed. R. Evid. 401. Therefore, the court should preclude the Defendant from raising this defense. Upon information and belief, no court in the context of the over one-thousand criminal prosecutions has carved a First Amendment exception to such conduct.

**III. Demonstrations and Permits for January 6, 2021, are Irrelevant to the Charged Offenses.**

The above referenced exhibits generally pertain to the Defendant's irrelevant attempt to show that protests were lawfully permitted within the restricted perimeter on January 6, 2021. *See e.g.* Def. Ex. 24 (6 permits for protests on January 6, 2021). They were not.[1] Defense counsel in this matter has attempted to use these exhibits, namely Defense Exhibit 24, in prior trials. Defense counsel's proffered reason at that time for such evidence was, "[i]f, in fact, the Capitol Police planned to allow a "permitted event" organized . . . to gather on the Capitol's steps . . . it would undermine the factual premise of the prosecution's charges." *United States v. Anthony Griffith*, 21-cr-244-CKK, ECF No. 132 at 7.

---

[1] In *United States v. Daniel Egtvedt*, 21-cr-177-CRC, the defense counsel in the present case called U.S. Capitol Police Lieutenant Scott Grossi on behalf of the defendant. Lt. Grossi testified that no organizations were permitted to testify within the restricted perimeter, or specifically, on the Capitol steps. *See* 12/06/2022 Tr. at 473. Several months later, in *United States v. Anthony Griffith*, 21-cr-244-CKK, the same counsel filed a brief related to this exact same line of inquiry. *See* ECF No. 132. But as repeatedly explained and proffered during the *Griffith* litigation, Def. Exhibit 24 was not intended to be gospel. Rather, the contents merely put the U.S. Capitol Police on notice of certain events that may be occurring – lawfully or unlawfully – on Capitol grounds. In *Griffith*, the government proffered that no groups were given demonstration permits for First Amendment assemblies within the restricted perimeter, a fact corroborated, under oath in *Egtvedt*, by the Lieutenant in charge of special permitting, Lt. Grossi.

However, this is a fundamental misunderstanding of the concept of the restricted perimeter. Under the defendant's theory, if people *were* lawfully allowed in the restricted perimeter to protest on January 6, 2021, then the restricted perimeter would collapse in on itself. This is illogical. As Judge Kollar-Kotelly noted in *Griffith*, in denying a motion to dismiss based on the restricted perimeter, "assuming the Capitol Police designated the Capitol Grounds restricted, it works no unfair surprise on Defendant to convict him for knowingly entering or remaining in that area." *See Griffith*, ECF No. 119, at 7-8. The government has never alleged that *no one* was allowed within the restricted perimeter. To the contrary, hundreds of members of Congress, their families, staffers, and other Congressional employees were clearly permitted within the perimeter on that day, alongside law enforcement and other similar officials. Those individuals were lawfully permitted to be there.

Moreover, even if there *had* been a permitted demonstration at the Capitol steps on January 6, which there was not, it would be irrelevant to the existence of the restricted perimeter for the purposes of 18 U.S.C. § 1752. The statute criminalizes the entry and presence within "any restricted building or grounds *without lawful authority* to do." 18 U.S.C. § 1752(a)(1). The statutory language itself recognizes the existence of a distinction between those with and without lawful authority to enter into and/or remain within a restricted area. The fact that people *authorized* to enter or remain within a restricted area do *in fact* enter or remain within that area has no impact on whether or not it remains restricted for others who lack any such authorization.

At this juncture, the government is unaware of any evidence that supports the assertion that the Defendant knew about lawful protests occurring inside of the restricted perimeter or that he intended to join such protests. Absent some specific proffer that the defendant believed a lawful protest was occurring at the Capitol steps and thus believed he was authorized within the restricted

perimeter, the inquiry into the existence of this purported demonstration appears to be a illusory strawman that is very likely to mislead or confuse the jury. Rather than focusing on the law and the facts adduced at trial, the jury will be asked to speculate as to whether a demonstration occurred within the restricted perimeter and its legal implications, without any evidence of such a demonstration. Moreover, such speculation could unintendedly misconstrue the law as it relates to the restricted perimeter.

Lastly, this line of inquiry could needlessly prolong the presentation of evidence in this case, untethered to the defendant's actual knowledge, or the actual facts of what occurred on January 6, 2021. Instead, it appears to rest on some unfounded belief that U.S. Capitol Police is hiding some lawful demonstration within its restricted zone. In the absence of a more fulsome proffer or direct evidence of how this inquiry matters, the government respectfully moves *in limine* to prohibit defense counsel from inquiring, referencing, or arguing to the jury that such permits existed or that such demonstrations were allowed.

**CONCLUSION**

For the foregoing reasons, any First Amendment defense should be precluded.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:      /s/ *Barry K. Disney*
Barry K. Disney

7

KS Bar No. 13284
Assistant United States Attorney – Detailee
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
Email: Barry.Disney@usdoj.gov
Cell: (202) 924-4861

/s/ *Allison K. Ethen*
Allison K. Ethen
MN Bar No. 0395353
Assistant United States Attorney – Detailee
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
Email: Allison.Ethen@usdoj.gov

/s/ *Matthew Beckwith*
MATTHEW BECKWITH
DC Bar No: 90014452
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20004
(202) 252-7109
Matthew.Beckwith@usdoj.gov