UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | :    CASE NO. 22-CR-00166-MAU |
| v. | : |
| | : |
| JOHN GEORGE TODD III, | : |
| | : |
| Defendant. | : |

### UNITED STATES' MOTION IN LIMINE TO PRECLUDE IMPROPER DEFENSE ARGUMENTS AND EVIDENCE ABOUT LAW ENFORCEMENT

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, moves this court *in limine* to preclude the defendant, John George Todd III ("Defendant") from introducing evidence or arguing that the events of January 6th were provoked by undercover law enforcement, plainclothes officers, counter protestors, and/or "Antifa" actors. Such arguments and evidence bear no relevance to the charges against the Defendant and will only serve to confuse and confuse the evidence presented to the jury.

### ARGUMENT

**I. The Court Should Preclude the Defendant from Arguing Entrapment by Estoppel.**

The Defendant's Exhibit List, presented to the Government on November 6, 2023, contains several exhibits clearly reflecting an intention to assert that law enforcement or "Antifa" agents played some unspecified role in provoking the events of January 6, 2021.[1] In

---

[1] As described by the Court in *United States v. Nichols*, *et al*, 21-cr-117-RCL, ECF No. 266, "[t]he basic idea is that the crisis at the Capitol was an elaborate setup by the United States government designed to ensnare peaceful Trump supporters . . . On this view, shadowy teams of plainclothes government agents orchestrated the attack, leaving a far larger number of innocent Americans to take the fall." *Id.* at *13. The government has repeatedly disputed this false narrative. *Id.* at *14, 20 ("Mr. Nichols repeatedly advances this view, although he does not provide evidentiary support . . . he has not offered firm evidence of what information, if any, the alleged informants would

It is not clear why any of this alleged evidence – proof of some "elaborate setup" by law enforcement or counterprotesters – is relevant to the crimes charged against the Defendant. Any attempt to introduce such alleged improprieties would (1) not be rooted in factual and admissible evidence and (2) only serve to further a legally impermissible "entrapment by estoppel" defense that would shift blame for Defendant's criminal conduct to law enforcement and/or counter protestors.  Presentation of this evidence would be an irrelevant, confusing, and waste of time that should be excluded pursuant to Rules of Evidence 401, 402, and 403.

Courts have previously rejected an entrapment by estoppel argument raised by a January 6 defendant. *See United States v. Chrestman*, 525 F. Supp. 3d 31 (D.D.C. 2021). *See, also United States v. Williams*, No. 21-cr-377-BAH (D.D.C. June 8, 2022); *United States v. Rhine*, Crim. No. 21-0687, 2023 WL 2072450 (D.D.C. Feb. 17, 2023). In that case, the Court dismissed an argument that President Trump gave the defendant permission to enter the Capitol or commit the crimes he was alleged to have committed, writing:

> January 6 defendants asserting the entrapment by estoppel defense could not argue that they were at all uncertain as to whether their conduct ran afoul of the criminal law, given the obvious police barricades, police lines, and police orders restricting entry at the Capitol. Rather, they would contend … that the former President gave them permission and privilege to the assembled mob on January 6 to violate the law.
>
> * * * *
>
> Setting aside the question of whether such a belief was reasonable or rational… Just as … no Chief of Police could sanction murder or robbery, notwithstanding this position of authority, no President may unilaterally abrogate criminal laws duly enacted by Congress as they apply to a subgroup of his most vehement supporters. Accepting that premise, even for the limited purpose of immunizing defendant and others similarly situated from criminal liability, would require this Court to accept that the President may prospectively shield whomever he pleases from prosecution simply by advising them that their conduct is lawful, in dereliction of his

---

provide. But Mr. Nichols has not offered a factually grounded explanation of how information from the alleged informants would help prove him innocent.").

constitutional obligation to "take Care that the Laws be faithfully executed." U.S. Const. art. II, § 3.

*Chrestman*, 525 F. Supp. 3d 14, 32–33 (some internal punctuation omitted).

Applying that principle here, no member of law enforcement could allow individuals to enter the Capitol Building during a violent riot. "[T]he logic in *Chrestman* that a U.S. President cannot unilaterally abrogate statutory law applies with equal force to government actors in less powerful offices, such as law enforcement officers protecting the U.S. Capitol Building." *United States v. Williams*, No. 21-cr-377-BAH, ECF No. 87 at *2 (D.D.C. June 8, 2022). As a logical extension, a counterprotester, such as someone who belongs to a group like Antifa, as a private citizen, would offer no legal protection to the crimes alleged here. Indeed, no one could authorize a violent assault on the U.S. Capitol, and nothing count insulate the defendant's conduct when he entered and remained in a restricted area as part of that mob.

Any attempt to introduce evidence that his criminal conduct was somehow the result or fault of law enforcement action (or inaction) or unspecified actions by others is an attempt to distract the jury from his alleged conduct and the law governing that conduct. He should thus be precluded making such arguments.

## CONCLUSION

For the reasons set forth herein, the United States respectfully requests that this Court preclude improper argument or evidence related to entrapment by estoppel, that law enforcement's alleged inaction rendered the defendant's actions lawful, and any evidence or argument relating to alleged inaction by law enforcement except to the extent that the defendant specifically observed or was otherwise aware of such conduct at the relevant time.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   /s/ *Barry K. Disney*
Barry K. Disney
KS Bar No. 13284
Assistant United States Attorney – Detailee
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
Email:  Barry.Disney@usdoj.gov
Cell:  (202) 924-4861

/s/ *Allison K. Ethen*
Allison K. Ethen
MN Bar No. 0395353
Assistant United States Attorney – Detailee
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
Email:  Allison.Ethen@usdoj.gov

/s/ *Matthew Beckwith*
MATTHEW BECKWITH
DC Bar No: 90014452
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20004
(202) 252-7109
Matthew.Beckwith@usdoj.gov