UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>) Criminal No. 1: 22-cr-166 (MAU)<br>JOHN GEORGE TODD III )<br>)<br>**Defendant** )<br>) | |

**DEFENDANT JOHN GEORGE TODD III'S NOTICE OF INSISTENCE ON TRIAL ON DECEMBER 15, 2023**

Comes now John George Todd III ("Todd"), by and through counsel, with this notice of insistence on trial on December 15, 2023.  Mr. Todd has been waiting for his day in court since May 3, 2022—over a year and a half.

More than a year ago, on Friday, November 4, 2022, at a status hearing in this case, before Chief Judge Howell, the Chief Judge ruled that the Government's time was running out to charge Todd with any additional allegations:

> THE COURT: This is -- he's only been charged in an information with two Class A misdemeanors and two Class B misdemeanors; is that right?
>
> MR. [AUSA] JAMES: That is correct, Your Honor.
>
> THE COURT: And the government doesn't have an intention of superseding with any felony charges?
>
> MR. JAMES: Well, Judge, as I had explained to the former counsel, <u>we were looking at that</u>, but I cannot say that we're going to do that right now. It is something that we have <u>actively considered</u>, and I had informed former counsel about that, but we have not done so.
>
> THE COURT: <u>Well, you're running out of time</u>. When are you planning on doing that?
>
> MR. JAMES: I understand that, Judge. <u>We've looked at potential charges that we decided not to pursue at this time</u>.

1

> THE COURT: Okay. Well, I mean, I've had trials with misdemeanors attached to felony charges. And it was my understanding that the government was, in its initial informations and for early negotiations, discovery, and pleas, charging misdemeanors; but if there was going to be a trial, they were going to, you know, bring them on. So is the government telling me that we're going to have a trial on misdemeanor charges? Is that what you're telling me, Mr. James?
>
> MR. JAMES: Your Honor, what I'm stating to the Court is that as of right now that answer would be yes. <u>But we have actively looked.</u> The issue in this case, and I provided this to defense counsel -- current defense counsel as well -- there are a number of open source videos of the defendant's activities on the west front<u>, and some of those activities that we've analyzed and we've reanalyzed could lead to a potential 231 charge,</u> Your Honor, which is, of course, a felony charge. But we haven't made that decision at this time.

Transcript of Status Hearing, Nov. 4, 2022, pp. 4-7.

This discussion was more than one year ago. The Government represented to the Court (five times) that it had "actively" looked for additional charges for Todd. The Government represented it had "analyzed and reanalyzed" the evidence while seeking to find a felony charge for Todd. The chief judge told the Government, <u>"Well, you're running out of time</u>."

Ultimately the parties opted to have the trial reassigned to the U.S. Magistrate Judge. Government has had <u>an additional year</u> to prepare its case against Todd. The parties have provided exhibit lists, witness lists, proposed jury instructions, and jury questions. Mr. Todd and his family, along with counsel and staff, have arranged their schedules and travel plans in preparation for trial on December 15.

**The Government's claims of newly discovered "assault/resist/impeding" evidence amount to nothing more than alleged disorderly conduct evidence—which is already charged in Todd's information.**

Now, with two weeks to go before trial, the Government seeks to disrupt the Court by seeking a superceding grand jury indictment <u>on December 13</u>—**two days before trial**. The Government claims that "[d]uring the course of preparing this case for trial . . . This past week, we discovered additional body worn camera evidence depicting Mr. Todd committing what we

2

believe is an assault/resist/impeding a federal officer pursuant to 18 U.S.C. § 111."
(Government's email to chambers 11/30/2023.)

The Government has actually possessed the bodyworn camera video from the beginning of this case. But the Government provided it's 'newly discovered' body worn camera evidence to Todd's counsel just today (Nov. 30, 2023). Suffice it to say that the 'newly discovered' bodycam video hardly shows an assault/resist/impeding of an officer with injuries. In fact, the video shows an officer violently pulling Mr. Todd's flimsy bamboo flag rod out of Mr. Todd's grip where the officer appears to mildly cut his own palm after unnecessarily breaking the rod.[1] And the government admits it has possessed this bodycam video since the beginning of this case.

In any case, after viewing the allegedly-newly-discovered bodycam footage, counsel submits that <u>the entirety</u> of Todd's conduct in the video is already subsumed and contained within the Government's existing disorderly conduct allegations. The bodycam video shows nothing outside conduct typically prosecuted as alleged disorderly & disruptive conduct. (In fact, this footage actually shows no criminal conduct whatsoever on the part of Todd; but shows unlawful retaliatory property destruction by a member of law enforcement.)

**Mr. Todd Requests an opportunity to address the grand jury regarding this issue.**
Pursuant to the Fifth Amendment and the *Handbook for Federal Grand Jurors*, Mr. Todd requests an opportunity to address any and all grand juries investigating him or considering charging him. Although critics sometimes quip that a federal grand jury will "indict a ham sandwich," the Government's intended superceding indictment in this case is by no means

---

[1] The defense has requested, via email, any and all medical records or reports relating to the tiny cut on the officer's hand. At the time of this writing, the government has not replied.

assured. Todd requests an opportunity to inform, testify, and argue to the grand jurors why the grand jury should not indict him in this politicized matter.

**Mr. Todd has a constitutional, statutory, and human right to have his day in court on December 15.**

As the Court is aware, Mr. Todd has suffered multiple suicide attempts because of this case, and has struggled through mental health treatment, relocation, and counseling in preparation for his upcoming trial. Mr. Todd and his counsel and legal team are prepared for trial on the charges in this case on December 15. Mr. Todd has invested greatly into his December 15 trial preparation. Mr. Todd will be <u>severely prejudiced</u> by further delay or disruption in this case.

Of course the Government may try to use its claimed "newly discovered" evidence at trial. (Although the defense objects to the lateness of notice.) Such evidence—if admitted and credited—might be relevant to the government's allegations of disorderly conduct, unlawful entry or remaining, or other counts. But it is a serious due process violation to disrupt a defendant's trial preparation with claims of new charges (based on evidence which has been in the government's hands from the beginning) two days before trial.

**Even if the Government obtains a Superceding Indictment, Todd is entitled to <u>severance</u>, and trial of his current charges on December 15. The government may launch its new proposed indictment in <u>an additional, separate case</u> (if there is no double jeopardy).[2]**

Todd has a right to his day in court on December 15. It baffles the defense how, in the government's year-and-a-half period of investigation, research, and review of evidence, *in which the government itself* once told a court *five times* that it had carefully "analyzed and reanalyzed"

---

[2] Of course, the "assaulting/resisting/impeding" notions being proffered by the government are likely entirely subsumed within the existing rubric of existing disorderly conduct counts. Consequently, Todd submits that the lateness of the government's recent Section 111 overtures will ultimately doom any possible Section 111 indictment on double jeopardy grounds. But this issue is a question for another day.

4

available evidence (which included the very bodycam footage the government now references), the government somehow missed an opportunity to bring additional charges prior to now.

**The timing of the Government's effort to disrupt the trial brings a presumption of unconstitutional vindictiveness.**

"When, as in this case, the government chooses not to lodge charges for a period of time and then makes the decision to prosecute so close after a defendant elects to exercise his rights in the face of prosecution opposition, apparent vindictiveness is clearly established. Indeed, the question of the delay and the timing of the present indictment is crucial." *United States v. Velsicol Chem. Corp.*, 498 F.Supp. 1255, 1264-65 (D.D.C. 1980).

In *United States v. Groves,* 571 F.2d 450 (9th Cir. 1978) (cited with favor in *Velsicol Chem. Corp.*), the Ninth Circuit found that the *timing* of a subsequent indictment is a fundamental factor in rendering a superceding indictment suspect. The court upheld dismissal of the indictment where the government knew the extent of Groves' involvement in a case and secured a different indictment only after defendant exercised his right to a speedy trial. See also *United States v. Alvarado-Sandoval,* [557 F.2d 645](#) (9th Cir. 1977) ("appearance of vindictiveness, not vindictiveness itself, is the touchstone . . ."); *United States v. DeMarco,* [550 F.2d 1224, 1227](#) (9th Cir. 1977) ("apprehension of vindictiveness and the 'appearance of vindictiveness' are adequate to bring this case squarely within *Blackledge* [ *v. Perry*].") [vindictiveness] (citation omitted).

Last-Minute Gamesmanship by Prosecutors Violates Due Process and the Right to a Fair Trial.

CONCLUSION

For all the above reasons, Defendant Todd insists on trial in his case commencing on December 15, 2023 as scheduled.

Dated: November 30, 2023                                              Respectfully Submitted,

*/s/ John M. Pierce*
John M. Pierce
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (213) 400-0725
Email: jpierce@johnpiercelaw.com

**CERTIFICATE OF SERVICE**

  I, John M. Pierce, hereby certify that on this day, November 30, 2023, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

               <u>/s/ John M. Pierce</u>
               John M. Pierce