UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>)   Criminal No. 1: 22-cr-166 (MAU)<br>JOHN GEORGE TODD III )<br>)<br>**Defendant** )<br>) | |

**TODD'S MOTION TO PROHIBIT ANY FURTHER CONTRIVED SUPERSEDING INDICTMENTS, ON SPEEDY TRIAL, DUE PROCESS, AND OTHER GROUNDS**

**Speedy Trial Demanded on Existing Charges.**

Now Comes the Defendant, Mr. John George Todd III, ("Todd"), by and through undersigned counsel, with this Motion to Prohibit the United States from further wasting court resources with further contrived or concocted superseding indictments.

**Background.**

Mr. Todd, charged with the four standard misdemeanors, waited for his day in Court for more than a year and a half. Then, with less than two weeks to go before trial on the misdemeanors, the United States filed a superseding indictment, claiming to have viewed evidence from a new perspective and claiming to have found video showing an "assault with bodily injury" against an officer by Todd on January 6, 2021. (A use-of-force expert with 40 years experience in law enforcement has reviewed the relevant bodycam video and has found the new allegation contrived and baseless (ECF # 143-1)).

So, just as in the cases of Hatchet Speed, Deborah Lee, Derick Gunby, Stephanie Baez, Mark Sahady, Joseph Irwin, Leo Kelly, Patrick Montgomery, Richard Barnett, Darrell Neely, David Davis, Todd suddenly went from preparing

1

for a misdemeanor trial, to facing decades in prison—for refusing to accept the government's first plea offer.

At the most recent status hearing (December 15, 2023), AUSA Barry Disney claimed the reason for the government's long delay before supposedly suddenly looking and finding the new allegation among the government's long-held discovery was that the US Attorney's Office had simply neglected the case until the case became "hot."  This all but invalidates the new superceding indictment.  When there is a 15-month delay with no government activity in a case, and no justification for the delay other than neglect, "the government may not simply add factually related charges to avoid application of the [Speedy Trial] Act." *United States v. Peppin*, 365 F. Supp. 2d 261, 269 (N.D. N.Y. 2005).

**Now the Government is Threatening Further Charges to further delay Todd's trial.**

Now, again, on December 21, 2023, at 3:05 pm, the defense received a new email from the prosecution, indicating that the United States "ha[s] now made a decision to seek an indictment against [Todd] for a violation of 18 USC 1512.  *Our intent is to add this charge at a GJ that will be held on or around January 17, 2024.  We still plan on the trial being held on January 22, 2024."*

But of course, under the Speedy Trial Act, such a schedule is prohibited.

**The Speedy Trial Act Precludes any Further Delays by the United States to Pile on another "Superseding Indictment."**

To ensure adequate time for preparation, the Speedy Trial Act sets a minimum time for trial as well as a maximum. Unless the defendant consents in writing to the contrary, the trial shall not commence less than 30 days from the date on which the defendant first appears through

2

counsel. 18 U.S.C. § 3161(c)(2).  A defendant cannot insist on a speedier trial, even if he waives the 30-day requirement. *United States v. Ashimi*, 932 F.2d 643 (7th Cir. 1991).

Todd has repeatedly demanded a speedy trial and filed few motions.  The government has repeatedly delayed trial and filed many dilatory motions.

**A Speedy Trial Clock does not restart with a Superseding Indictment.**

"The statute clearly fixes the beginning point for the trial preparation period as the first appearance through counsel.  It does not refer to the date of the indictment, much less to the date of any superseding indictment. *United States v. Rojas-Contreras*, 474 U.S. 231, 324 (1985).

THE GOVERNMENT IS MERELY "GILDING" ITS INDICTMENT FOR PURPOSES OF DELAY.

Where the government uses superseding indictments to delay proceedings, tax the resources of the court, prejudice the defense and waste the Court's time, the Court may strike the government's contrived allegations. *See United States v. Peppin*, 365 F.Supp. 2d 261, 270 (N.D. N.Y. 2005) (Two counts of superseding indictment dismissed because "government's dilatory approach to this case and disingenuous nature of the added charges compel an inference that the government gilded the indictment at least in part, to avoid the Speedy Trial Act.

ACCORDINGLY, under the Speedy Trial Act, the doctrine of laches, the doctrine of equitable estoppel, and the Law of the Case, Todd has a right to be tried on January 22, 2024.  The government is therefore estopped from bringing a new superseding indictment to further delay proceedings.[1]

Dated: December 23, 2023                                              Respectfully Submitted,

*/s/ John M. Pierce*
John M. Pierce
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (213) 400-0725
Email: jpierce@johnpiercelaw.com

*/s/ Roger I. Roots*
Roger I. Roots
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (213) 400-0725
Email: rroots@johnpiercelaw.com

---

[1] It might be possible for the government to lodge its 1512 claims in a new case.  However it is likely that nothing in the government's basis of evidence for a conceptual 1512 charge is independent from the government's basis of evidence for its extant "disorderly conduct" allegations.

4

**CERTIFICATE OF SERVICE**

I, Roger I. Roots, hereby certify that on this day, December 23, 2023, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

*/s/ Roger I. Roots*
Roger I. Roots