## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | **CASE NO. 22-CR-00166-BAH** |
| v. | : | |
| | : | |
| JOHN GEORGE TODD III, | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S RESPONSE TO DEFENDANNT'S MOTION TO DISMISS SUPERSEDING INDICTMENT

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this Response to the defendant's Motion to Dismiss Superseding Indictment. (ECF 139). As set forth herein, the defendant's motion is without merit and is a mishmash of conclusory arguments that ignore binding case law and contorts the clear record of the case. Accordingly, the motion should be denied.

### Relevant Background

On May 12, 2022, the defendant was charged by Information with Entering an Remaining in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(1); Disorderly and Disruptive Conduct in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(2); Violent Entry and Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G), (ECF 6). The defendant was appointed the services of a federal public defender and a trial was set to commence on November 14, 2022. (ECF 9) (Minute Order 8/12/2022).

On October 12, 2022, the defendant requested a continuance of the November 14, 2022 trial. (ECF 31). In response, the Court vacated the trial date and ordered the parties to appear for a status conference on November 4, 2022. (Minute Order 10/12/22). Prior to the status conference,

the federal public defender withdrew from the case and John Pierce entered his appearance. (ECF 33, 34).

At the November 4, 2022 status hearing, the Court ordered the parties to submit proposed trial dates. (ECF 88, pg. 17). After the status hearing, but before a new trial date was scheduled, the defendant moved for a trial by a magistrate and the case was reassigned. (ECF 38) (Minute Order 11/9/22). At the defendant's request, the magistrate set a trial for October 16, 2023, approximately 11 months after the initial trial date of November 14, 2022. (Minute Order 12/09/22). The defendant subsequently moved for another continuance and the trial was rescheduled to December 15, 2023. (ECF 77) (Minute Entry 10/4/23).

On December 6, 2023, a federal grand jury in the District of Columbia returned an indictment, charging the defendant with a felony, to-wit: Inflicting Bodily Injury on Certain Officers, in violation of 18 U.C.S § 111(a)(1) and (b) in addition to the identical misdemeanors originally charged in the Information. (ECF 133). Following the issuance of the Indictment the case was reassigned to the District Court and a trial date of January 22, 2024 was scheduled. (ECF 140) (Set/Reset Deadlines/Hearings 12/15/2023).

## ARGUMENT

### I.    BECAUSE THERE ARE MATERIAL FACTS IN DISPUTE, A MOTION TO DISMISS THE INDICTMENT BASED UPON THE SUFFICIENCY OF THE EVIDENCE IS UNWARRANTED AND SHOULD BE DENIED.

The defendant asserts that "no plausible legal theory could support a prosecution of [the defendant] for "assault" or "assault with a deadly and dangerous weapon" or assault causing bodily injury".[1] As an initial matter, the defendant has provided has no argument or authority to support

---

[1] Count One of the Indictment makes no claim that the defendant used a deadly or dangerous weapon.

his claim.  It "is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work." *Schneider v. Kissinger*, 412 F.3d 190, 200 n.1 (D.C. Cir. 2005). Indeed, "perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are deemed waived." *Johnson v. Panetta*, 953 F. Supp. 2d 244, 250 (D.D.C. 2013). Because the defendant has provided no argument or support for his assertion that "no plausible theory" could support Count One, he has waived the same and this Court should not consider it.

In any event, the "no plausible legal theory" argument should otherwise be denied. The indictment is entitled to a presumption of validity. "An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more." *United States v. Costello*, 350 US 359, 363 (1956). To grant defendant's motion, this Court would have to determine that there is insufficient evidence to sustain the §111(a)(1) and (b) charge. Settled precedent prohibits the court from proceeding down this speculative path. *Costello v. United States*, 350 U.S. 359, 363-64 (1956) (holding that courts lack the authority to invalidate indictments based on the inadequacy of the supporting evidence); *United States v. Yakou*, 428 F.3d 241, 246-47 (D.C. Cir. 2005) (observing that the pretrial dismissal of an indictment on sufficiency of the evidence grounds is unwarranted unless "material facts are undisputed and only an issue of law is presented"); *United States v. Hickey*, 367 F.3d 888, 894 (9th Cir. 2004) (rejecting the defendant's challenge to the sufficiency of the evidence before the grand jury); *United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998) (reversing the trial court's partial dismissal of the indictment based on the insufficiency of the supporting evidence because "[u]nless the government has made what can fairly be described as a full proffer of the evidence it intends to present at trial

. . . the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment").

In the present case, the defendant has entered a not guilty plea to all counts, including the §111(a) and (b) offense. (Minute Entry 12/14/2023). Accordingly, he is presumed innocent of the charges and the government must prove all essential elements of each count beyond a reasonable doubt. *United States v. Pierre,* 974 F.2d 1355, 1356 (1992). No facts have been stipulated to by the parties and the government has not made *any* proffer of the evidence it intends to present at trial. Every material fact of the case remains in dispute. There is more than simply "an issue of law" to be determined. A dismissal would require a determination based upon speculative facts that the evidence is insufficient to support the charge. This Court should follow precedent and deny the defendant's motion to dismiss the §111(a)(1) and (b) charge based upon the defendant's "no plausible legal theory."

## II. ADDING A FELONY CHARGE DOES NOT VIOLATE "THE LAW OF THE CASE" WHEN THE DEFENDANT WAS PUT ON NOTICE THAT THE GOVERNMENT WOULD CONTINUE TO INVESTIGATE AND COULD FILE A SUPERSEDING INDICTMENT.

The defendant claims that the Court's orders and instructions, combined with the assignment of the case to the magistrate, establish the "law of the case" and act to preclude the government from filing felony charges. Under the doctrine of "law of the case" a court should refrain from deciding issues that have already been definitively resolved by itself or another court. *United States v. Eiberg,* 553 F. Supp. 1 (D.D.C.1981). The premise of the doctrine is that "the same issue presented a second time in the same case in the same court should lead to the same result." *LaShawn A. v. Barry*, 87 F.3d 1389, 1393 (D.C. Cir. 1996) (en banc). The fallacy in the defendant's argument is that this Court has never ruled that the government is precluded from filing felony charges.

At the November 4, 2022 status hearing the Court explicitly warned counsel for the defendant that a delay in the trial could lead to additional charges being filed:

> THE COURT:   And you understand, Mr. Pierce -- I'm going to interrupt you for a second. But you understand, Mr. Pierce, that the government delay here never works to the benefit of a defendant because the government keeps investigating. They've already found more tapes, public tapes, that they think might support additional charges. So it's also incumbent on you, as a defense lawyer, in the interest of your client to usually get to trial as speedily as possible, and I am willing to give you a speedy trial, which -- Mr. Pierce, is what you're saying that you want to delay the trial into 2023? I have no idea how far into 2023 you're contemplating, ***but that's just going to give Mr. James and Mr. Disney plenty of more time to be investigating Mr. Todd and potentially bring superseding charges.***

(ECF 88 at 11, ln 8-11) (emphasis added). Such a warning would make little sense if the Court had intended to order that no additional charges could be brought by the government. And no such order ever occurred.

Similarly, the defendant's claim that the government gave assurances it would not file felony charges at a future date is factually inaccurate. As the transcript of the November 4, 2022 status hearing bears out, the government represented to the Court that *at that time* no felony charges were being filed: "[w]ell, Judge, as I had explained to the former counsel, we were looking at [superseding with felony charges], but I cannot say that we're going to do that *right now.*" (ECF 88 at 4, ln 16-17) (emphasis added) and "[w]e've looked at potential charges that we decided not to pursue *at this time.*" (*Id.*, ln 23-24) (emphasis added). Additionally, the following colloquy took place:

> THE COURT:   So is the government telling me that we're going to have a trial on misdemeanor charges?  Is that what you're telling me…?

GOVERNMENT:    Your Honor, what I'm stating to the Court is that *as of right now* that answer would be yes. But we have actively looked. The issue in this case, and I provided this to defense counsel -- current defense counsel as well – there are a number of open source videos of the defendant's activities on the west front, and some of those activities that we've analyzed and we've reanalyzed could lead to a potential 231 charge, Your Honor, which is, of course, a felony charge. But we haven't made that decision *at this time*.

In each instance, the government made it clear that their existed a possibility that felony charges could be filed. The defendant's representations to the contrary are not supported by the record.

Lastly, the defendant's claim that because the government did not object to the reassignment of the case to the magistrate it had agreed to a "resolution" of the case to misdemeanors is equally without merit. Although the government did not object to the assignment of the case to the magistrate, the government expressly stated that it is "currently evaluating additional charges that may otherwise constitute felonies." (ECF 40, fn. 1). The government would not have used this language if, in fact, it was agreeing to a "resolution" only misdemeanor charges.

### III.    THE DEFENDANT IS NOT ENTITLED TO A PRESUMPTION OF VINDICTIVENESS WHEN THE GOVERNMENT ADDED CHARGES AFTER THE DEFENDANT REJECTED A PLEA OFFER.

Todd alleges that the government filed the Indictment, "vindictively, to punish and retaliate against Todd and his attorneys for refusing to plead guilty." (ECF 139 at 1). The defendant argues that he is entitled to a presumption of vindictiveness because (1) the Indictment was returned after he had refused a plea offer, (2) approximately 573 days elapsed between the date of the Information and the Indictment, and (3) the Indictment was filed and shortly before the jury trial was to start. The defendant attempts to strengthen his claim of prosecutorial vindictiveness by reference to other January 6 cases in which he claims, "federal prosecutors added (or threatened to add) an additional 20-year felony charge." (ECF 139 at 8).

The defendant's contention that a presumption of vindictiveness arises under the facts of the case is both factually and legally flawed. As set forth above, the defendant understood the government's investigation into his conduct on January 6 was ongoing and was cautioned a lengthy delay in going to trial could result in additional charges. Despite this knowledge, the defendant secured a delay of the trial for over a year. But, even if this were not the case, Supreme Court precedent confirms that the government is well within its discretion bring additional charges after a defendant rejects a plea offer, even if those charges are more serious.

## A.   LEGAL PRINCIPLES REGARDING VINDICTIVE PROSECUTION

"[T]he doctrine [of prosecutorial vindictiveness] precludes action by a prosecutor that is designed to penalize a defendant for invoking any legally protected right available to a defendant during a criminal prosecution." *United States v. Safavian*, 649 F.3d 688, 692 (D.C. Cir. 2011) (citation omitted). "A defendant may prove prosecutorial vindictiveness by submitting either (i) evidence of the prosecutor's actual vindictiveness or (ii) evidence sufficient to establish a realistic likelihood of vindictiveness, thereby raising a presumption the Government must rebut with objective evidence justifying its action." *Id.* The defendant has provided neither.

The mere fact that the government adds more charges after failed plea negotiations does not give rise to a vindictiveness presumption. The Supreme Court has held that a defendant's indictment on additional or more serious charges after failed plea negotiations does not violate due process. In *Bordenkircher v. Hayes*, 434 U.S. 357 (1978), the Court held that the Due Process Clause does not prohibit a prosecutor from carrying out a threat, made during plea negotiations, to bring additional charges against a defendant who refused to plead guilty to the offense with which he was originally charged. The Court reasoned that prosecutors enjoy wide discretion in bringing charges against a defendant, and that in the "give and take" of plea bargaining, there is no element

7

of punishment or retaliation as long as the defendant is free to accept or reject the prosecutor's offer. *Id.* at 363. Similarly, in *United States v. Goodwin*, 457 U.S. 368 (1982), the Court held that a prosecutor's pretrial decision to bring a felony charge against a defendant who had rejected a guilty plea to a misdemeanor did not violate due process.

These decisions stem from the bedrock principle that "so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher*, 434 U.S. at 364; *see also Goodwin*, 457 U.S. at 382-383 ("*Bordenkircher* made clear that the mere fact that a defendant refuses to plead guilty and forces the government to prove its case is insufficient to warrant a presumption that subsequent changes in the charging decision are unjustified."); *United States v. Meyer*, 810 F.2d 1242, 1246 (D.C. Cir. 1987) ("[P]roof of a prosecutorial decision to increase charges after a defendant has exercised a legal right does not alone give rise to a presumption in the pretrial context.").

Even where a presumption of vindictiveness applies, the government can defeat it by producing "objective evidence" that its motivation in charging the defendant was lawful. *Safavian*, 649 F.3d at 694. That burden is "admittedly minimal—any objective evidence justifying the prosecutor's actions will suffice." *Id.* A proffer showing that after the initial charging decision, the government uncovered new evidence documenting the defendant's conduct—*e.g.*, additional criminal offenses or aggravating features of the offense previously charged—suffices. *See, e.g.*, *United States v. Meadows*, 867 F.3d 1305, 1315 (D.C. Cir. 2017) (observing that "the government's evidence regarding the severity of Meadows' fraudulent conduct—which continued for approximately a year, involved two separate false filing schemes, and resulted in approximately 49 false claims—was sufficient to satisfy this court's admittedly minimal requirement of any

objective evidence") (internal citations omitted).

### B. Supreme Court precedent forecloses Todd's claim of prosecutorial vindictiveness.

The case law is well-settled that a prosecutorial decision to increase charges after a defendant has exercised a legal right does not alone give rise to a presumption of vindictiveness in the pretrial context. *See Meyer*, 810 F.2d at 1246. Indeed, the Supreme Court has explained that a defendant's indictment on more serious charges after failed plea negotiations does not violate due process. *Bordenkircher,* 434 U.S. at 363. Vindictiveness is *not* presumed by the simple fact of seeking a superseding indictment after the rejection of a plea offer, even where the prosecution has knowledge of the facts essential to the more serious charge at the time of indictment. *See Goodwin*, 457 U.S. at 370. The Supreme Court has explained as follows:

> An initial indictment—from which the prosecutor embarks on a course of plea negotiation—does not necessarily define the extent of the legitimate interest in prosecution. For just as a prosecutor may forgo legitimate charges already brought in an effort to save the time and expense of trial, a prosecutor may file additional charges if an initial expectation that a defendant would plead guilty to lesser charges proves unfounded.

*Id.* at 379. To show vindictiveness in a pretrial posture, a defendant "must point **to something more** than routine invocations of procedural rights, such as declining a plea offer." *United States v. Michel*, No. 1:19-cr-148 (CKK), 2022 WL 4182342, at *8 (D.D.C. Sept. 13, 2022) (quoting *Meyer*, 810 F.2d at 1247) (emphasis added).

Todd attempts to point to "something more" by stressing that Todd now faces a sentence that is "twenty-times greater prison sentence than the plea offer" (ECF 139 at 8). But the possibility of a more severe penalty is simply the consequence of the more serious offense. The severity of the penalty in this case is the reflection of the difference in the severity between a felonious assault on law enforcement and a trespassing misdemeanor. Because *Bordenkircher* and *Goodwin* allow

a prosecutor to file additional and more serious charges, then it would be illogical to conclude that a charge with a higher penalty is proof of vindictiveness because more serious charges typically carry higher statutory maximum penalties.

Nor does the defendant's reference to other January 6 cases add "something more" to his claim. The defendant has not cited one instance where a claim of prosecutorial vindictiveness, either presumed or actual, has been found to exist in a January 6. There have been more than 1,000 defendants charged in relation to January 6, and in some cases, superseding indctments were necessary because additional criminal conduct was discovered. This is not evidence of malice, but evidence of how much mayhem and chaos occurred at the Capitol that day. This is yet another effort by the defendant to "merely to mention a possible argument in the most skeletal way leaving the court to do counsel's work." *Schneider*, 412 F.3d 190, (D.C. Cir. 2005).

The cases cited by the defendant also do not advance his claim. In *United States v. Velsicol Chem. Corp.*, 498 F. Supp. 1255 (D.D.C.) the presumption of vindictiveness arose, not because the defendant rejected a plea offer, but because the prosecutor filed additional charges because the defendant plead no contest to the crime rather than guilty. Similarly, in *United States v. Groves*, 571 F.2d 450 (9th Cir. 1978) the court found an appearance of vindictiveness when the prosecutor added charges after the defendant asserted his rights under the Speedy Trial Act. Both cases are inapposite to the facts presented here and neither support an argument that a prosecutor may not filed additional and more serious charges after a defendant has rejected a plea offer.

Instead, the government may lawfully supersede the indictment—and reserves the right to do so—if it determines that the evidence obtained in its investigation establishes probable cause for additional charges. *See United States v. Reffitt*, No. 1:21-cr-32 (DLF), 2022 WL 1404247, at *3-*4 (D.D.C. May 4, 2022) (finding sufficient evidence to support conviction under § 1512(c)(2)

and 2 for an individual on January 6, 2021 who ascended the Northwest steps and appeared to lead the crowd that assaulted and then overcame officers). A prosecutor "remain[s] free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in prosecution. An initial decision should not freeze future conduct." *Goodwin*, 457 U.S. at 382.

Accordingly, the Court should reject the defendant's claim of vindictive prosecution.


Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

By:     /s/ *Barry K. Disney*
        Barry K. Disney
        KS Bar No. 13284
        Assistant United States Attorney – Detailee
        U.S. Attorney's Office for the District of Columbia
        601 D Street, N.W.
        Washington, D.C. 20530
        Email:  Barry.Disney@usdoj.gov
        Cell:  (202) 924-4861

## CERTIFICATE OF SERVICE

On this 27th day of December, 2023, a copy of the foregoing was served upon all parties listed on the Electronic Case Filing (ECF) System.

/s/ Barry K. Disney
Assistant United States Attorney – Detailee
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
Email:  Barry.Disney@usdoj.gov
Cell:  (202) 924-4861