**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | **CASE NO. 1:22-cr-00166 (BAH)** |
| **v.** | **:** | |
| | **:** | |
| **JOHN GEORGE TODD III,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S**
**MOTION TO PROHIBIT FURTHER INDICTMENTS**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, opposes the motion by the defendant, John George Todd III ("defendant") to prohibit further indictments. ECF No. 146.

First, the motion is untimely. The court's December 15, 2023, scheduling order clearly stated, "[b]y December 20, 2023, the parties shall file any pretrial motions, including any motions in limine." The defendant did not file the motion in question until December 23rd, three days after the court's deadline, and it is therefore untimely.

Second, and perhaps most importantly, the defendant asks the court to unnecessarily compel the executive branch to make or not make a decision of prosecutorial discretion. The defendant identifies no legal basis for such a demand and no such legal basis exists.

Respectfully, this motion is specious and should be denied.

**INTRODUCTION**

The facts of this case are summarized in the Statement of Facts and the government's response to the defendant's motion to compel the government to turn over grand jury instructions. ECF No. 1; ECF. No 151 at pg 1-3. In the preparation for the December 15, 2023 trial, on violations of 18 U.S.C. §§ 1752(a)(1), 1752(a)(2) and 40 U.S.C. §§ 5104(e)(2)(D), 5104(e)(2)(G), the

1

government found and connected additional video evidence (which had already been previously turned over to the defendant in global discovery) of Mr. Todd assaulting law enforcement. The government then sought indictment.

On December 6, 2023, a federal grand jury in the District of Columbia returned an Indictment, charging the defendant with a felony, to-wit: Inflicting Bodily Injury on Certain Officers, in violation of 18 U.C.S § 111(a)(1) and (b) in addition to the identical misdemeanors originally charged in the Information. ECF No. 133. Following the issuance of the Indictment, the case was reassigned to the district court and a trial date of January 22, 2024 was scheduled. ECF No. 140.

At the December 15th status conference, the government disclosed to the court and to the defendant that it was considering seeking another superseding indictment in this case. The government indicated to the court that the defendant's presentation to the grand jury furthered an investigation to another, yet uncharged, offense.

On December 21, 2023, the government emailed defense counsel and gave notice of its preliminary intent to supersede before trial with the additional crime. The email read, in part:

> As we disclosed at our last court hearing the government was considering filing additional charges against Todd. We have now made a decision to seek an indictment against him for a violation of 18 USC 1512. Our intent is to add this charge at a GJ that will be held on or around January 17, 2024. We still plan on the trial being held on January 22, 2024.

In the email, the government also conveyed the terms of a plea offer to defense counsel. Counsel did not respond to the plea offer but filed the present motion to prohibit the government from seeking an additional indictment.

**ARGUMENT**

I.   **Defendants Have No Legal Basis to Control Future Indictments.**

The defendant's request that the Court prevent "the United States from further wasting court resources with further contrived or concocted superseding indictments" lacks any legal basis. The motion was not a challenge to the grand jury or even to the contours of a future and specific indictment, but a request that the Court prohibit the government from seeking a lawful indictment in the first place. The defendant fails to offer any legal precedent or rationale for such a demand. Furthermore, the motion itself is generic and unavailing.

The grand jury belongs to no branch of government, but is a "constitutional fixture in its own right," while being subject to the supervision of judges. *United States v. Williams* 504 U.S. 36, 47 (1992). The court summons the grand jury and ensures that it is properly constituted. Fed. R. Crim. P. (6)(a)(1). But, as a rule of practice, "[w]hether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion." *United States v. Batchelder*, 442 U.S. 114, 124 (1979). There is no meaningful question that this prerogative remains with the prosecutor. And the defense has no authority whatsoever to compel the prosecutors to refrain from seeking further indictments.

Instead, the grand jury and the prosecution function as a check on one another. But while a grand jury may return a presentment, request that the prosecutor prepare an indictment, or review an indictment submitted by the prosecutor, the final decision about whether a prosecution is brought remains with the prosecutors. *See United States v. Navarro-Vargas*, 408 F.3d 1184. The prosecutor has no obligation to prosecute the presentment, to sign the return of an indictment, or even to prosecute an indictment properly returned. *See also Bordenkircher v. Hayes*, 434 U.S. 357, 364, (1978) (assuming probable cause exists, the decision of whether and what to charge "rests

3

entirely in [the prosecutor's] discretion"); *United States v. Nixon*, 418 U.S. 683, 693, 90 (1974) ("[the] Executive Branch has exclusive and absolute discretion to decide whether to prosecute a case.")

Grand jury proceedings are "accorded a presumption of regularity, which generally may be dispelled only upon particularized proof of irregularities in the grand jury process." *United States v. Navarro*, 651 F. Supp. 3d 212, 234 (D.D.C. 2023) quoting *United States v. Mechanik*, 475 U.S. 66, 75 (1986) (O'Connor, J., concurring). There has been no evidence or specific claim by the defendant that would require the breaking of the presumption of regularity.

The defendant's pretrial motions allude to, though do not outright accuse the government of, vindictive prosecution, ECF No. 146 at 2-3, an argument that has repeatedly failed in this context. *See, e.g.*, *United States. v. Hatchet Speed* 1:22-cr-00244 at ECF No. 54, *United States v. Derek Gunby* 1:21-cr-00626-PLF at ECF No. 68. To the extent the defendant is actually accusing the government of vindictive prosecution, the government can and will respond accordingly (although the time for motions, as discussed above, has passed).

All in all, the defendant spends no time arguing law, seeking an ungrounded remedy. In reality, to the extent the government seeks – and the grand jury returns – an indictment alleging an additional count of 18 U.S.C. § 1512(c)(2), the remedy is not preclusion of such a request. Rather, the Court can handle a return of said indictment as it would in the normal course of business.[1]

## II.     Defendant's Analysis of the Speedy Trial Clock is Faulty

It is unclear why the defendant believes the Speedy Trial Act gives the Court the authority

---

[1] To the extent the defendant would seek a continuance on this basis alone, the government would respectfully oppose. The evidence of the § 1512 violation crystallized when the defendant testified in the grand jury. While not dispositive, the defendant cannot meaningfully claim surprise on this basis. Moreover, any motion to dismiss would be cabined to the face of the indictment, an unlikely challenge, regardless of timing.

to prevent a prospective superseding indictment in this case. However, to the extent that the defendant suggests that the government is using a superseding indictment to circumvent the requirements of the Speedy Trial Act, this is unsupported by the record. The defendant claims that the Speedy Trial Act of 1979 ("STA") prohibits the government from pursuing a superseding indictment in this case on the grounds that the trial would be too soon after the indictment, prejudicing the defendant.

However, the text of the statute, which the defendant's own brief quotes, reads, "[u]nless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days *from the date on which the defendant first appears through counsel* or expressly waives counsel and elects to proceed pro se" (emphasis added)." 18 U.S.C. § 3161(c)(2). The Supreme Court has held that this passage, "clearly fixes the beginning point for the trial preparation period as the first appearance through counsel. It does not refer to the date of the indictment, much less to the date of any superseding indictment…Congress did not intend that the 30-day trial preparation period begin to run from the date of filing of a superseding indictment." *United States v. Rojas-Contreras*, 474 U.S. 231, 234 (1985). The failure of the defendant to cite binding Supreme Court precedent is concerning.

In this case, the defendant was arrested on May 12, 2022. (ECF No. 6) The trial is set to commence on January 22, 2023. Nearly a year and a half has passed since the defendant's initial appearance. The defendant's STA claim is meritless.

### A.  Government Position on the Speedy Trial Act

The government previously described its position on the STA in ECF No. 130, stating that it believed that the defendant had agreed to toll his rights under the STA for both the counts in the Complaint and for any new charges that will be contained in the Indictment. Based upon the

Government's calculations, as of December 15, 2023, no time under the STA had lapsed. Thus,

there is no violation of the STA.

## **CONCLUSION**

For the foregoing reasons, the defendant's motion should be denied.


Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:     /s/ *Barry K. Disney*
Barry K. Disney
KS Bar No. 13284
Assistant United States Attorney – Detailee
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
Email: Barry.Disney@usdoj.gov
Cell: (202) 924-4861

/s/ *Allison K. Ethen*
Allison K. Ethen
MN Bar No. 0395353
Assistant United States Attorney – Detailee
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
Email: Allison.Ethen@usdoj.gov

/s/ *Matthew Beckwith*
MATTHEW BECKWITH
DC Bar No: 90014452
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20004
(202) 252-7109
Matthew.Beckwith@usdoj.gov