UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*<br><br>v.<br><br>JOHN GEORGE TODD,<br><br>*Defendant*. | Case No. 22-CR-00166-BAH |

<u>DEFENDANT'S MOTION TO DISMISS THE SECOND SUPERSEDING INDICTMENT</u>

The Defendant, John George Todd ("Todd"), by and through his attorney, files this Motion to Dismiss the Second Superseding Indictment.

The government recently filed its second superseding indictment (Document 171), adding a Section 1512(c)(2) charge. The new count (Count One) alleges that **"On or about January 6, 2021, within the District of Columbia and elsewhere, John George Todd III attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress' certification of the Electoral College vote as set out in [parts of the Constitution]."**

Todd hereby renews and incorporates all of his arguments and points expressed in his prior pleadings regarding the government's violations of the law of the case, the Speedy Trial Act, laches, due process and vindictiveness.

This new charge is plainly intended to punish Mr. Todd for exercising his constitutional right to testify and argue his innocence. The government couches its reasons for the new charge as being based on some new revelations by Todd before the grand jury. The defense has reviewed the grand jury transcript and submits that <u>nothing Todd said</u> gave the government anything new, compared to other things in discovery. The government already possessed multitudinous remarks of similar content. Thus the government's claim is a disguise for its vindictiveness.

Additionally, however, this new superseding indictment must be dismissed because:

1. Nothing alleged in the Statement of Facts, the grand jury transcripts, or any of the charging instruments in this case lays out probable cause to accuse Todd of obstructing an official proceeding as described.
2. Nothing alleged in such described sources properly alleges Todd acted corruptly even if he did the acts alleged.
3. The proceedings of Congress on January 6, 2021, such as they were, were not interrupted or obstructed by anything Todd is alleged to have done.
4. The proceedings of Congress on January 6 were legislative proceedings, which must be open to political protest, pressure, advocacy, and even vitriolic demonstration if events call for it, and
5. The certification of the Electoral College vote was not an official proceeding as described in the statute.

Background.

On May 12, 2022, Todd was charged with the four standard misdemeanors, and then waited for his day in Court for more than a year and a half. Trial was scheduled for December 15, 2023. Less than two weeks before trial on the four misdemeanors, the United States filed a superseding indictment, charging Todd with a felony: Inflicting Bodily Injury on Certain Officers, in violation of 18 U.C.S §111(a)(1) and (b) in addition to the initial four misdemeanors. (A use-of-force expert with forty (40) years experience in law enforcement has reviewed the relevant bodycam video and has found the new allegation contrived and baseless (ECF # 143-1)). Todd is just one of many defendants who have refused to accept the government's first plea offer, and in return the government has tacked on a felony charge where these defendants now face decades in prison. Of these individuals similarly situated as Todd are Hatchet Speed, Deborah lee, Derick Gunby, Stephanie Baez, Mark Sahady, Joseph Irwin, Leo Kelly, Patrick Montgomery, Richard Barnett, Darrell Neely, and David Davis.

Then, last week, federal prosecutors filed an additional 20-year felony against Todd, an allegation that Todd corruptly obstructed an official proceeding. Todd now faces up to 44 years, after refusing to plead guilty to a Class B misdemeanor.

THE NEW COUNT (AND STATUTE) ARE VOID FOR VAGUENESS, BOTH ON THEIR FACE AND AS APPLIED.

the term "corruptly" as used in 18 U.S.C. § 1512(c)(2) is unconstitutionally vague, as many courts have defined and assessed the term differently. "Corruptly" cannot mean simply unlawfully, as Congress would obviously have not chosen such a word to substitute the common word *unlawfully*.

**Section 1512(c)(2)'s use of the term "corruptly," is unconstitutionally vague and inapplicable.** However, in light of Judge Walker and Katsas' concerns about the use of that term in the statute, the Defendants submit that this Court should consider adopting Judge Walker's interpreted definition of "corruptly," requiring an allegation that the Defendants acted "with an intent to procure an unlawful benefit either for [oneself] or for some other person,'" proof that they "not only knew [they were] obtaining an 'unlawful benefit' but that [their] 'objective' or 'purpose' was to obtain that unlawful benefit'" and further, "that [the] benefit may be unlawful either because the benefit itself is not allowed by law, or because it was obtained by unlawful means." *See id.* at 357 (Walker, J., concurring). Because Count Ten of the Third Superseding Indictment does not allege the same, this Court should dismiss that count.

Additionally, the government's interpretation of § 1512 gravely intrudes upon defendants' First Amendment rights to protest, criticize, petition, and assemble to

advance their political views. ***Political speech cannot be "obstruction of an official proceeding."***

## THE PLAIN TEXT

The statute Todd is charged with violating, 18 U.S.C. § 1512(c)(2), provides:

(c) Whoever corruptly—

(1) alters, destroys, mutilates, or conceals a record, document, or other

object, or attempts to do so, with intent to impair the object's

integrity or availability for use in an official proceeding; or

(2) otherwise obstructs, influences, or impedes any official proceeding,

or attempts to do so,

shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 1512(c).

**§ 1512(c)(2) must be read as a catchall to the narrowly focused subsection preceding it, § 1512(c)(1)—not as an untethered, wholly unrelated crime.**

Since § 1512(c)(1) is narrowly tailored to evidence spoliation, and specific examples enumerated prior to [a] residual clause are typically read as refining or limiting in some way the broader catch-all term used in the residual clause. § 1512(c)(2) must be limited to conduct that undermined the official proceeding's truth-finding function through actions impairing the integrity and availability of evidence.

The mens rea requirement of § 1512(c)(2)—that the criminal act be committed "corruptly"—lacks a limiting principle, and is thus unconstitutionally vague as applied to Todd. "Corruptly" is not defined in the statute, *United States v. Pointdexter*, 951 F.2d 369 (D.C. Cir. 1991), and it is unconstitutionally vague here.

For each contention, courts are under an obligation to exercise restraint in construing criminal laws and to apply the rule of lenity should genuine ambiguity persist.

LEGAL STANDARDS

**A. Motions to dismiss generally**

Before trial, a criminal defendant may move to dismiss a charge based on a "defect in the indictment." Fed R. Crim. P. 12(b)(3)(B). "The operative question is whether the allegations in the indictment, if proven, permit a jury to conclude that the defendant committed the criminal offense as charged." Akinyoyenu, 199 F. Supp. 3d at 109. The Court thus bases its analysis only on the language charged in the Indictment and the language of the statute alleged to have been violated. See id. at 109–10 (collecting citations).

**B. Courts must exercise restraint when assessing the reach of criminal statutes**

First, federal courts have "traditionally exercised restraint in assessing the reach of a federal criminal statute." United States v. Aguilar, 515 U.S. 593, 600 (1995). The Supreme Court has urged this restraint "both out of deference to the prerogatives of Congress and out of concern that 'a fair warning should be given to the world in language that the common world will understand, of what the law intends to do if a certain line is passed.'" Id. at 600 (citations omitted); cf. Sessions v. Dimaya, 138 S. Ct. 1204, 1223–28 (2018) (Gorsuch, J., concurring in part and concurring in judgment). This "prudent rule of construction" continues with force today. Dowling v. United States, 473 U.S. 207, 214 (1985); see Marinello v. United States, 138 S. Ct. 1101, 1108 (2018) (endorsing the rule).

Running parallel to this principle is the rule of lenity. "[T]he rule of lenity is venerable," United States v. Nasir, 17 F.4th 459, 472 (3d Cir. 2021) (en banc) (Bibas, J., concurring), having arisen to mitigate draconian sentences in England and having been firmly established in English

law by the time of Blackstone, id. at 473. "[I]t took root in our law soon thereafter." Id. "Under the rule of lenity, courts construe penal laws strictly and resolve ambiguities in favor of the defendant," id., so long as doing so would not "conflict with the implied or expressed intent of Congress," Liparota v. United States, 471 U.S. 419, 427 (1985). Under current doctrine, the rule of lenity applies to instances of "grievous" ambiguity, see Shular v. United States, 140 S. Ct. 779, 788 (2020) (Kavanaugh, J., concurring) (collecting citations), a construction that is arguably in tension with the rule's historical origins, see 1 William Blackstone, Commentaries *88 ("Penal statutes must be construed strictly."). See also Wooden v. United States, ___ U.S. ___, ___ (2022) (Gorsuch, J., concurring in judgment) (slip op. at 9–12); but see id. (Kavanaugh, J., concurring) (slip op. at 1–4).

**Congress's certification of the 2020 presidential election was not an "official proceeding."**

The certification was not judicial in nature, it was not a "proceeding" at all. Congress' certification did not turn on, involve, or depend on any evaluation of evidence. The event was by nature a ceremony and a political event—subject to the forces of politics.

ACCORDINGLY, TODD MOVES FOR DISMISSAL OF THE SECOND SUPERSEDING INDICTMENT.

Date: January 25, 2024                                                                         Respectfully Submitted,

<u>/s/ Roger I. Roots</u>
Roger I. Roots
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (662) 665-1061
Email: rroots@johnpiercelaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document is being filed on this January 25, 2024, with the Clerk of the Court by using the U.S. District Court for the District of Columbia's CM/ECF system. All attorneys of record will receive an electronic copy.

*/s/ Roger I. Roots*

Roger I. Roots