UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal Action No. 22-166 (BAH) |
| JOHN GEORGE TODD III, | Judge Beryl A. Howell |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Defendant John George Todd III faces trial on January 29, 2024, on a six-count superseding indictment arising from his alleged conduct at the U.S. Capitol on January 6, 2021. *See* Second Superseding Indictment, ECF No. 171.  On January 17, 2024, five days before the previous January 22 trial date, the government filed a Second Superseding Indictment, adding a new charge against defendant for Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c)(2) and 2, to the five counts in the Superseding Indictment of Inflicting Bodily Injury on Certain Officers, in violation of 18 U.S.C. § 111(a)(1), (b); Entering and Remaining in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(1); Disorderly and Disruptive Conduct in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(2); Violent Entry and Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).  *See* Second Superseding Indictment.  In the evening of January 25, 2024, defendant moved to file a belated motion to dismiss, *see* Def.'s Mot. to File Mot. to Dismiss Out of Time, ECF No. 185, and filed the accompanying belated motion to dismiss the Second Superseding Indictment, *see* Def.'s Mot. to Dismiss Second Superseding Indictment ("Def.'s Mot."), ECF No. 186; *see also* Min. Order (Jan. 12, 2024) (ordering

1

defendant to file, by January 23, 2024 at 12:00 PM, any motion to dismiss related to a second superseding indictment). At the second pretrial conference, on January 26, 2024, defendant's motion to file his untimely motion to dismiss was granted, and, after hearing oral argument, defendant's motion to dismiss was denied, with written opinion to follow. *See* Min. Entry (Jan. 26, 2024). The reasons for the motion's denial are explained herein.

## I.  BACKGROUND

The procedural background leading up to the first pretrial conference on January 12, 2024, is set out in the Court's January 10, 2024 Memorandum Opinion and Order, denying defendant's Motion to Reveal Legal Instructions Given to Grand Jury and Motion to Dismiss the Superseding Indictment, which opinion is incorporated herein by reference. *See* Mem. Op. & Order at 2–3 ("1st MTD Mem. Op."), ECF No. 166.

At the first pretrial conference, the government confirmed its intent to seek a second superseding indictment before a grand jury on January 17, 2024. *See* Min. Entry (Jan. 12, 2024). In anticipation of the return of such indictment, the Court ordered, *inter alia*, that: (1) "By January 17, 2024 at 6:00 PM, the government shall submit a supplement to the parties' [162] Joint Pretrial Statement (JPTS) addressing all changes necessitated by any new charge"; and (2) "By January 23, 2024 at 12:00 PM, defendant shall file any motion to dismiss a second superseding indictment, with the government's opposition due by January 24, 2024 at 5:00 PM, and defendant's reply due by January 25, 2024 at 12:00 PM." Min. Order (Jan. 12, 2024).

On January 17, 2024, the anticipated second superseding indictment was filed, adding, to the five counts in the Superseding Indictment, one count of Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c)(2) and 2. *See* Second Superseding Indictment. The government filed a revised joint pretrial statement, which included

a revised proposed joint statement of the case, verdict form, and jury instructions. *See* Gov't's Statement of Case, Ex. Revised JPTS ("JPTS"), ECF No. 170-1; Gov't's Statement of Case, Ex. Revised Proposed Verdict Form ("Verdict Form"), ECF No. 170-3; Gov't's Statement of Case, Ex. Revised Proposed Jury Instr. ("Jury Instr."), ECF No. 170-4.  The joint statement of the case states, in relevant part, that "the United States alleges that John George Todd, III . . . obstructed and impeded Congress [sic] certification of the Electoral College vote," JPTS at 3; the verdict form includes, as Count One, "Obstruct, Influence, Impeded [sic] and [sic] Official Proceeding 18 U.S.C. § 1512(c)(2) and 2," Verdict Form at 1; and the jury instructions include instructions for "Count One: Obstruction of an Official Proceeding (18 U.S.C. 1512(c)(2) and 2[)]," Jury Instr. at 5–8.  Defendant raised no objection to any language in the joint statement of the case, verdict form, or jury instructions related to the obstruction count.

Meanwhile, the parties continued to prepare for trial, including submitting a flurry of objections to proposed stipulations and exhibits. *See, e.g.*, Def.'s Notice of Objs. to Proposed Stipulations & Exs., ECF No. 169; Gov't's Notice of Objs. to Def.'s Exs., ECF No. 107; Gov't's Resp. to Def.'s Notice of Objs. to Proposed Stipulations & Exs., ECF No. 173; Supp. Notice of Objs. to Proposed Stipulations and Exs., ECF No. 176.  A second pretrial conference was scheduled on January 26, 2024 to address these disputes.  *See* Min. Order (Jan. 22, 2024).

The January 23, 2024 deadline for defendant's motion to dismiss passed with no motion from defendant.  Just after 7:30 PM on the evening before the second pretrial conference, defendant filed a motion to dismiss the Second Superseding Indictment.  *See generally* Def.'s Mot.  At the second pretrial conference, defense counsel explained that the belated nature of the filing was not in bad faith but rather due to defense counsel's large caseload.  Oral argument was held on the motion, and the motion was denied, with this written decision forthcoming.  *See* Min.

3

Entry (Jan. 26, 2024) ("The Court denies [186] Motion to Dismiss Count Defendants Motion To Dismiss The Second Superseding Indictment.  Written Decision Forthcoming.").

## II.     DISCUSSION

Defendant makes two arguments in support his motion: that (1) the term "corruptly" in Section 1512(c)(2) is unconstitutionally vague; and (2) Congress's certification of the 2020 presidential election was not an "official proceeding."  Def.'s Mot. at 3–6.[1]  Both arguments, which are addressed *seriatim*, are foreclosed by in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted*, No. 23-5572, 2023 WL 8605748 (U.S. Dec. 13, 2023), and *United States v. Robertson*, 86 F.4th 355 (D.C. Cir. 2023).[2]  Although the Supreme Court has granted certiorari in *Fischer*, the law of this Circuit remains reflected in *Fischer* and *Robertson*.

### A.      Use of "Corruptly" in 18 U.S.C. § 1512(c)(2)

Defendant contends that "the term 'corruptly' as used in 18 U.S.C. § 1512(c)(2) is unconstitutionally vague" because "many courts have defined and assessed the term differently," and "Congress would obviously have not chosen such a word to substitute the common word *unlawfully*."  Def.'s Mot. at 3 (emphasis in original).  Rather than explain these conclusory contentions, defendant spends the rest of his motion arguing that if Section 1512(c)(2) applies to

---

[1]      Defendant also "renews and incorporates all of his arguments and points expressed in his prior pleadings regarding the government's violations of the law of the case, the Speedy Trial Act, laches, due process and vindictiveness."  Def.'s Mot. at 1.  These arguments were addressed in detail and rejected when denying defendant's motion to dismiss the Superseding Indictment.  *See* 1st MTD Mem. Op. at 4–6, 9–12.  For the same reasons, they are again rejected here.

[2]      To the extent defendant argues that the government fails to state an offense under Section 1512(c)(2) and cannot adduce sufficient evidence to support this charge because the Second Superseding Indictment alleges no obstructive conduct related to "evidence spoliation" or that "otherwise" in Section 1512(c)(2) requires proof of a separate offense, *see* Def.'s Mot. at 4 ("[Section] 1512(c)(1) is narrowly tailored to evidence spoliation, and specific examples enumerated prior to a residual clause are typically read as refining or limiting in some way the broader catch-all term used in the residual clause." (internal marks omitted)), these arguments fail for at least two reasons.  First, as defendant conceded during oral argument, arguments regarding the sufficiency of the evidence are more appropriate for a Rule 29 motion for a judgment of acquittal.  Second, *Fischer* forecloses these arguments.  *See Fischer*, 64 F.4th at 336–37 (interpreting statute "to reach a wide range of obstructive acts, not just those limited to tampering with documents or objects," and concluding that "otherwise" means "in a different manner" and thus "encompass[es] all forms of obstructive acts" and does not require proof of a separate offense).

him, the definition of "corruptly" endorsed by Judge Walker in his *Fischer* concurrence should control. Def.'s Mot. at 3–4.³

A law is impermissibly vague if "it fails to give ordinary people fair notice of the conduct it punishes, or [is] so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 576 U.S. 591, 595 (2015). "[T]he touchstone is whether the statute, either standing alone or as construed, made it reasonably clear at the relevant time that the defendant's conduct was criminal." *United States v. Lanier*, 520 U.S. 259, 267 (1997). The mere fact that two people may interpret a law differently does not make a statute vague. *See United States v. Williams*, 553 U.S. 285, 306 (2008); *United States v. Bronstein*, 849 F.3d 1101, 1107 (D.C. Cir. 2017).

In *Fischer*, Judge Pan wrote the lead opinion for a divided panel, with Judge Walker concurring in the judgment and writing separately to lay out his interpretation of "corruptly." Judge Pan considered three possible definitions of the term "corruptly" and ultimately declined to offer an exact definition of the term because under all three definitions, "an obstructive action [that] is independently unlawful" is sufficient to establish "corrupt" intent. *Fischer*, 64 F.4th at 340. Judge Walker, in turn, advocated for one of the definitions Judge Pan considered and defined "corruptly" as "to act 'with an intent to procure an unlawful benefit either for himself or for some other person.'" *Id.* at 352 (Walker, J., concurring in part and dissenting in part) (quoting *Marinello v. United States*, 138 S. Ct. 1101, 1114 (2018) (Thomas, J., dissenting)). Notably, neither Judge found the word "corruptly" vague. *See id.* at 336–42. Both agreed that a defendant acts "corruptly" when he uses "independent unlawful conduct" with intent to procure a benefit for himself or for another person. *See id.* at 340, 361; *see also Robertson*, 86 F.4th at 375–76; *United States v. Connell*, No. 21-cr-84 (PLF), 2023 WL 4314903, at *5–6 (D.D.C. July

---

³     Defendant, notably, does not once mention *Fischer* by name or citation in his motion, referring only to "Judge Walker and Katsas[]," Def.'s Mot. at 3, and expecting the Court to fill in the blanks.

5

3, 2023) ("[T]he term 'corruptly' provides notice to [defendants] of what Section 1512(c)(2) prohibits and [] the statute is not unconstitutionally vague as applied to them."); *United States v. Mock*, No. 21-cr-444 (JEB), 2023 WL 3844604, at *4 (D.D.C. June 6, 2023) (similar).

*Robertson* involved a similar dispute, with the panel majority concluding that there is no "sole and exclusive" method of establishing "corrupt" intent, 84 F.4th at 371–72, and the dissent advocating for Judge Walker's definition, *id.* at 386, 388–93 (Henderson, J., dissenting).[4] Again, neither the panel majority nor the single dissenter expressed any vagueness concerns. In fact, the majority, though acknowledging that defendant "has not renewed on appeal his argument before the district court that 'corruptly' is unconstitutionally vague because it has no definite meaning," commented that defendant "apparently recognizes the uphill battle a vagueness challenge would face in light of his use of wrongful—indeed, felonious—means with the intent to obstruct an official proceeding." *Id.* at 371 n.7.

As a last-ditch attempt, defendant invokes the principle of restraint and the rule of lenity to argue that Section 1512(c)(2) should not apply to the alleged conduct here. Def.'s Mot. at 5–6. The principle of restraint and the rule of lenity, however, do not apply when a statute is unambiguous. *See Fischer*, 64 F.4th at 350. "[T]he language of § 1512(c)(2) is clear and unambiguous," and "[r]estraint and lenity therefore have no place in our analysis." *Id.* Accordingly, under current and binding D.C. Circuit caselaw, the use of "corruptly" is unambiguous and encompasses defendant's alleged conduct.

---

[4] That Judge Walker's definition of "corruptly" was advocated for in dissent makes clear that this is not prevailing law in this Circuit, and thus defendant's argument that Judge Walker's definition must be adopted fails. *See Robertson*, 86 F.4th at 372–74 (explaining that Judge Walker's definition of "corruptly" "relied primarily on a dissent," and refusing "to adopt the limited construction[] of 'corruptly' proffered by . . . the *Fischer* concurrence, which . . . insist[s] that the broad concept of 'corrupt' intent *must* be proved in *only* one way" (emphasis in original)).

### B. Official Proceeding

In three short sentences, defendant posits that Congress's certification of the 2020 presidential election was not an "official proceeding" because "[t]he certification was not judicial in nature," and "did not turn on, involve, or depend on any evaluation of evidence." Def.'s Mot. at 6.[5] This argument is, again, foreclosed by *Fischer*, which rejected the argument that an "official proceeding" must involve "investigations and evidence" and concluded that "[t]he statutory definition of 'official proceeding' under § 1512(c)(2) . . . includes a 'proceeding before Congress,'" such as the certification of the electoral college vote. *Fischer*, 64 F.4th at 342–43; *see also Robertson*, 86 F.4th at 364, 381.

### III. CONCLUSION

For the foregoing reasons, it is:

**ORDERED** that defendant's Motion to Dismiss the Second Superseding Indictment, ECF No. 186, is **DENIED**.

**SO ORDERED.**

Date: January 27, 2024

 

 

_____
**BERYL A. HOWELL**
United States District Judge

---

[5] The parties' joint proposed jury instructions state: "Count One of the Indictment charges that: On or about January 6, 2021, within the District of Columbia and elsewhere, the defendant attempted to, and did corruptly obstruct, influence, and impede *an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote* as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15–18, in violation of 18 U.S.C. §§ 1512(c)(2)." Jury Instr. at 5. Defendant did not object to the inclusion of this language.