UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 22-cr-166 (BAH) |
| | : | |
| JOHN GEORGE TODD, III, | : | |
| | : | |
| Defendant. | : | |

### TODD'S RESPONSE TO GOVERNMENT'S ARGUMENTS RE: RESTITUTION

COMES NOW the Defendant John George Todd, III, with this response to the Government's restitution claims and arguments. In general, the Government argues that restitution is a "flexible" concept that is untethered and unmoored from actual, physical damages caused by specific acts of individuals. Todd rebukes and objects to the Government's various arguments.

Here is a quote from the Government's submission:

> Because the January 6 cases involve the related criminal conduct of hundreds of defendants, all of whom proximately caused loss to the victims, the courts can allocate restitution based on incremental culpability. Critically, because most, if not all, January 6 defendants proximately caused harm to the victims in this case, restitution ought to be imposed regardless of whether a defendant personally injured a police officer or damaged property.

These notions are alien to restitution law. Restitution must be explicitly based upon individualized causation.

Arguably the most important Supreme Court case to ever address the calculation of restitution was *Paroline v. United States*, 572 U.S. 434 (2014), where the Court granted certiorari to resolve a conflict in the Courts of Appeals over the proper causation inquiry for purposes of determining the entitlement to and amount of restitution under one specific restitution statute, 28 U.S.C. §2259. The Supreme Court ruled that to recover restitution, the government or the victim must establish a causal relationship between the defendant's conduct and the victim's harm or damages.

Calculating restitution, according to *Paroline*, requires a sentencing court to "assess as best it can from available evidence the significance of the individual defendant's conduct in light of the broader casual process that produced the victim's losses."

In language that could hardly be clearer, the Supreme Court held that restitution must be rendered "only to the extent the defendant's offense proximately caused a victim's losses." *Paroline*, 572 U.S. at 448.

While the Government cites *Paroline* in its submission, the Government emphasizes language in the opinion suggesting restitution causation is a "flexible"

concept. But such language pertained to inherent difficulties in calculating damages in every situation. In fact, *Paroline*'s ruling is anything but flexible. The Court plainly limited restitution to actual damages to a victim, measured only by dollar amounts specifically caused by a defendant's specific conduct. And even where there were multiple defendant committing the same crime, *Paroline* requires a court to perform a careful detailed analysis—based on evidence—of the defendant's share of damages to a victim.

*Paroline* involved the question of restitution imposed on a defendant convicted of possession of child pornography. An adult victim ("Amy"), claimed damages in the millions of dollars stemming from her childhood sexual abuse (which Paroline had no involvement in). "Amy" asserted extensive counseling, psychological, financial and economic damages (which no court or observer materially contested). But "Amy"'s sexual images had been shared by thousands of other possessors and criminals (both indicted and nonindicted).

The *Paroline* Court rejected the notion—argued by the Government in Todd's case—that sentencing courts have broad discretion to impose conceptual or excessively punitive restitution orders untethered to individualized causation or actual damages. The *Paroline* Court plainly <u>rejected</u> the argument that a criminal defendant can be made responsible for harms done by others. Interestingly, three justices—Roberts, Scalia, and Thomas—dissented; holding that the victim in

*Paroline* should receive <u>zero</u> restitution. "The statute as written allows no recovery; we ought to say so, and give Congress a chance to fix it," wrote Roberts. (Note that Justice Sotomayor dissented, saying the victim in *Paroline* was entitled to the entire total amount of damages from Paroline.)

While there are various federal statutes imposing or requiring restitution, the concept of restitution is grounded in common sense and due process;[1] and limited by constitutional limitations found in the double jeopardy clause and the eighth amendment prohibition of excessive fines. Any restitution order greater than the dollar amount of actual damages attributable to a defendant is a taking in violation of the due process clause.

**The Government's Sealed "Damages" Invoices.**

In Todd's case, the Government has filed various invoices under seal which do not relate to damages to any victim caused by Mr. Todd. These sealed documents suggest a $79,490.05 bill by the Senate Sergeant at Arms, including cleaning and repair costs of $1,194.94, and "touch up" costs relating to conference table tops. Another itemization is $9,957.50 for "Curator Reader Rails."

---

[1] The government concedes that the "restitution statute for child pornography offenses . . . shares the same causational language as the VWPA and MVRA [which govern restitution in all sentencing]."

The Senate Sergeant at Arms also asserts an "additional EAP contract to assist with trauma" in the amount of $35,675.

Todd objects to the hiding of these documents under seal, because the public has a right to know the government's asserted damages. Nothing in these documents is privileged, secret, or classified in any way. It appears that the Government simply fears embarrassment stemming from public exposure of its padded and exaggerated damage claims relating to January 6.

Mr. Todd harmed no property on January 6. Moreover, Todd was wrongly convicted by the jury of causing bodily injury to an officer (claimed to be six stitches in the officer's finger).

ACCORDINGLY, Defendant Todd prays for an order of zero restitution in this case.

Date: July 9, 2024                                      Respectfully Submitted,

*/s/ Roger I. Roots*
Roger I. Roots
John Pierce Law, P.C.
2550 Oxnard Street
3rd Floor, PMB #172
Woodlands, Hills, CA 91367
rroots@johnpiercelaw.com
(662) 665 – 1061

*Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

I, Roger I. Roots, hereby certify that on this day, July 9, 2024, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

*/s/ Roger I. Roots*
Roger I. Roots