UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 22-CR-166 (BAH) |
| | : | |
| JOHN GEORGE TODD III, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S SUBMISSION REGARDING RESTITUTION

In accordance with the Court's July 9, 2024 Minute Order, the United States hereby replies to defendant John George Todd III's ("Todd") Response Regarding Restitution. ECF No. 241 ("Response"). Todd makes two arguments in his Response: first, that restitution "must be explicitly based upon individualized causation," and second, that the damages breakdowns filed by the Government should be unsealed. *See* ECF No. 241 at 1, 4-5. Todd fails to support either argument, only citing to a single case in his brief. For the reasons stated below, the Court should (1) impose a sentence including restitution to both the Architect of the Capitol and Sergeant Noah Rathbun and (2) affirm its ruling to allow the Government to file exhibits relating to restitution calculations under seal.

### ARGUMENT

**I.  A Sentence of Restitution is Authorized**

As proven at trial, Todd participated in the attack on the U.S. Capitol on January 6, 2021. His crimes included direct harm to an individual victim – injuries to Metropolitan Police Department ("MPD") Sergeant[1] Noah Rathbun[2] – and proximate harm to the Architect of the

---

[1] Noah Rathbun had the rank of Officer on January 6, 2021. He subsequently was promoted to Sergeant. This memo will refer to him by the rank of Sergeant.

[2] The Government provided its calculation of the appropriate restitution owed to the Metropolitan

Capitol, the House Chief Administrative Officer, the Secretary of the Senate, the Senate Sergeant at Arms, and the United States Capitol Police ("USCP"). 18 U.S.C. § 3664(i) (authorizing restitution to federal agencies). The defendant challenges restitution only to these harmed entities, not to Sergeant Rathbun;[3] the government therefore addresses only that portion of its restitution request below.

In its Sentencing Memorandum (ECF No. 224 at 31-32) and its Submission Regarding Restitution (ECF No. 238), the United States extensively laid out the legal basis for its request for restitution from Todd to cover a small portion of the more than $2.9 million in costs incurred by the Architect of the Capitol and other federal agencies in responding to, cleaning up, and repairing or replacing items damaged during the riot. Congress has given the courts broad discretion to craft restitution orders that fully compensate crime victims while recognizing defendants' varying degrees of culpability. Finding otherwise would effectively render the victims of January 6 incapable of being made whole, leaving the American taxpayers forced to pay for the damage that a violent mob – in which the defendant eagerly and violently participated – caused to the Capitol.

It is well established that analytical difficulties in defining causation or apportioning damages should not prevent courts from making victims whole and Todd does not present any

---

Police Department and Sergeant Rathbun in its Sentencing Memorandum. *See* ECF No. 224 at 31-32, Exs. 1 & 2.. Sergeant Rathbun missed nine days of work, costing MPD $1,759.68. *See id.*, Ex. 1. In addition, Sergeant Rathbun received medical care for the injuries caused by Todd. *See id.*, Ex. 2. (Because Sergeant Rathbun was also injured in another assault that day, *see United States v. Webster*, 21 Cr. 208 (APM), the government is only seeking half of the "Office/Outpatient Visit" line-item entry from Exhibit 2 from this defendant.) The government requests that the Court reiterate in the s its sentence of restitution to the MPD in the final sentence.

[3] The defendant's only argument that he is not liable for restitution for Sergeant Rathbun's injuries is that he was "wrongfully convicted." Response at 5. The evidence at trial was clear that Todd resisted Sergeant Rathbun and was responsible for Sergeant Rathbun's injuries. *See* Gov. Ex. 402. The defendant has never shown any remorse for his conduct and his continued failure to accept responsibility for his actions does not permit him to escape liability for Rathbun's injuries.

grounds for the Court to decline to order restitution here. Indeed, the only case that Todd cites in his Response is *Paroline v. United States*, 572 U.S. 434 (2014), which *supports* the government's request. And although the defendant spends considerable space discussing the holding of *Paroline*, he does not actually offer any argument that it prevents him from being liable for restitution for damage caused to the Capitol building and grounds on January 6, 2021.

The government agrees that *Paroline* requires a sentencing court to "assess as best it can from available evidence the significance of the individual defendant's conduct in light of the broader causal process that produced the victim's losses." *Id.* at 459. *See also* Response at 2. The government also agrees that *Paroline* held that restitution is available "only to the extent the defendant's offense proximately caused a victim's losses." *Paroline*, 572 U.S. at 448. *See also* Response at 2. But *Paroline* also recognized that there are cases, where, as here, "[w]hile it is not possible to identify a discrete, readily definable incremental loss [the defendant himself] caused, it is indisputable that he was a part of the overall phenomenon that caused [the victim's] general losses." *Id*. at 457. In such cases, the Supreme Court held, "there can be no doubt Congress wanted victims to receive restitution for harms like this." *Id*.

This analysis is readily applicable to the context of the January 6 riot at the Capitol. Here, Todd clearly understood what was occurring on January 6, 2021 and eagerly joined in it. The evidence at trial showed that Todd climbed the stairs under the northwest scaffolding and onto the Inaugural Stage and walked to Upper West Terrace doorway, crowds of uniformed police in riot gear firing tear gas at the crowd were clearly visible from where his vantage point and a loud alarm blared overhead. He could see the mob around him and it was clear that the crowd was not allowed in this area. Todd ignored those warning signs and entered the U.S. Capitol building. Todd repeatedly pushed against police officers inside the Rotunda, sliced Sergeant Rathbun's hand open,

and remained on Capitol grounds, continuing to shove police shields and challenge police until 4:42 p.m.

The argument that Todd did not cause damage inappropriately attempts to narrow the Court's analysis: Todd was an active participant in the mob that caused millions of dollars of damage to the building, requiring not only repairs and clean up, but the replacement and replenishment of supplies and equipment, overtime for officers and other security personnel, and treatment for injuries, both physical and mental. *See United States v. McAbee,* 1:21-cr-35 (RC), Tr. of Feb. 29, 2024 Sentencing at 53-54 (justifying imposition of $2,000 in restitution to the Architect of the Capitol as part of felony sentence for a defendant who did not enter the Capitol building). The majority of judges in this District – including this Court – have found that $2,000 is an appropriate estimate of damages caused by rioters, and consistently ordered $2,000 in restitution in felony cases. *See United States v. Bledsoe,* 21-cr-204 (BAH), Tr. of Oct., 21, 2022 Sentencing at 111 ("[o]rdering you to pay $2,000 to approximate the harm caused, recognizing the practical and legal difficulties in allocating loss amounts across all January 6 defendants, is the appropriate choice here") *Bledsoe,* 21-204,; *see also United States v. Wood,* 21-cr-223 (APM) Tr. of Jan., 20, 2023 Sentencing at 42 ("And while Mr. Wood… didn't destroy anything—certainly his presence there aided and abetted, particularly given how close he was to some of the windows that were shattered, in that conduct, in assisting and aiding and abetting that conduct. I do think the $2,000 is appropriate as restitution as that is consistent with the felony amounts that have been—with felonies, as has been the case across these January 6th proceedings.").

Thus, even if Todd's "contribution to the causal process underlying the victims['] losses" were "minor, both compared to the combined acts of all other relevant offenders, and in comparison to the contributions of other individual offenders," Todd was "a part of [the] cause"

of the losses suffered by various entities as a result of the events of January 6, 2021, including the damages and costs outlined in Exhibits A-C, and his "unlawful conduct" "play[ed] a part in sustaining and aggravating this tragedy." *Paroline*, 572 U.S. at 454, 457. The Court should therefore order that he pay $2,000 in restitution to the Architect of the Capitol.

## II.  The Court Should Allow the Government's Exhibits to Remain Under Seal

The Court should affirm its decision to allow the government to file Exhibits A-C under seal. *See* July 8, 2024 Minute Order. As previously noted, this material is "Highly Sensitive" under the Protective Order governing Todd's case, which was been in effect since May 17, 2022. *See* ECF No. 15 at ¶ 1(h), (i). Although the Protective Order contemplates that the Court may authorize disclosure of materials that have been designated "Sensitive" or "Highly Sensitive," the defendant has proffered no reason beyond "the public has a right to know" why such materials should be de-designated. Response at 5.

Nor has the defendant yet obtained either the government's or the Court's authorization to disclose these materials. The government therefore respectfully requests that the defendant's Response (ECF No. 241) be removed from the public docket until a redacted version that does not quote from Highly Sensitive materials can be filed. *See* Response at 4-5.

Exhibit A-C contain information from the Architect of the Capitol,[4] the Senate Sergeant at Arms, and the Secretary of the Senate (the "Entities") regarding costs incurred in connection with the response to, clean up of, and repairs made as a result of the breach of the Capitol on January 6, 2021. These materials contain, *inter alia,* sensitive security information, including descriptions of non-public areas of the Capitol building and of repairs (and associated costs) made to security

---

[4] In its initial filing, the government inadvertently attached only the Architect of the Capitol's cover letter, not the more detailed breakdown of expenses. That breakdown is attached as Exhibit A-1.

features.  *See* Ex A-1 at 1 (noting that the documents provided by the Architect of the Capitol contain "information related to a 'Highly Sensitive" security system of Congress").  Such information may also be designated "security information" pursuant to Title 2, United States Code, Section 1979, and therefore may not be publicly released without authorization from the United States Capitol Police Board.  The Entities have therefore requested that Exhibits A-C (including Exhibit A-1) not be publicly disclosed and that they be filed under seal.[5].

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

By:  /s/ *Matthew Beckwith*
MATTHEW BECKWITH
DC Bar No: 90014452
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20004

/s/ *Barry K. Disney*
Barry K. Disney
KS Bar No. 13284
Assistant United States Attorney – Detailee
601 D Street, N.W.
Washington, D.C. 20530

/s/ *Allison K. Ethen*
Allison K. Ethen
MN Bar No. 0395353
Assistant United States Attorney – Detailee
601 D Street, N.W.
Washington, D.C. 20530

/s/ *Kaitlin Klamann*
KAITLIN KLAMANN

---

[5] The government and the Entities do not object to the public filing of the cover letters setting forth the total amount of damage incurred by each Entity.  However, the Acting Senate Sergeant at Arms requests that his/her name be redacted due to privacy concerns.

Assistant United States Attorney  
601 D Street, N.W.  
Washington, D.C. 20530